CONSOLIDATED GAS AND GASOLINE ENGINE COMPANY, APPELLEE, v. MICHAEL BLANDA, APPELLANT.

Argued February 15, 1916—Decided June 10, 1916.

Under section 149 of the District Court act as amended (*Pamph. L.* 1913, *p.* 619), a notice in writing to the clerk that the party demands a venire for a jury to try the cause on a specified date, which was the return day of the summons, is not operative as a general demand of a jury trial on any date whereon such trial is held.

On appeal from the District Court.

Before Justices PARKER, MINTURN and KALISCH.

For the appellant, *Weinberger & Weinberger.*

The opinion of the court was delivered by

PARKER, J. This appeal is submitted on briefs, but we have the brief only of appellant. The question raised is whether the court below erred in refusing appellant, defendant, a jury trial. Appellant was entitled to such jury trial if a proper demand was made in due season. The record shows that the summons was returnable December 1st, and duly served; that demand for jury was made by defendant with deposit of jury fees on November 30th; on December 1st, the return day, there was an adjournment until December 8th, at which time trial was had without jury against defendant's objection.

The point argued in appellant's brief is that by section 149 of the District Court act, a demand for jury trial is in time if made at least two days before the time fixed for the trial, and that December 8th was "the time fixed for the trial." To this we agree. Formerly the demand was sufficient if made one day before the time fixed for the trial. *Pamph. L.* 1898, *p.* 613. This was altered to two days in 1903. *Pamph. L., p.* 505. In 1905, a further act was passed relating mainly to landlord and tenant proceedings but entitled as a supplement to the District Court act (*Pamph. L., p.* 493), the fourth section of which provided that in any proceedings had by virtue of the act to which it was a supplement, the court should try the case without jury unless demand was made at least one day before the return day of the summons. This section was treated as applicable to District Court proceedings generally, in several cases. *Walnut* v. *Newton,* 82 N. J. L. 290 and cases cited on page 291. The distinction between the phrases "return day of the summons" and "time fixed for the trial" is obvious. Still later, the legislature limited this section by amendment to landlord and tenant cases only, and revived section 149 as to other cases. *Pamph. L.* 1913, *p.* 618. That section accordingly controls, and we are clear that the phrase "day fixed for the trial" means the

return day of the summons if trial be then had, or any later day to which the trial may be adjourned and on which it is actually held. So that appellant's demand for a jury was not out of time because of being made only one day before return of the summons, in view of the fact that the trial was adjourned to a later date at least two days subsequent to the demand.

This, however, does not help the appellant, because the demand was not of a jury trial generally, but was limited by its terms to a specific date, to wit, the return day of the summons, and this seems to be the reason for its rejection by the court. The transcript shows that on December 8th, when the case was moved, the following colloquy took place:

Mr. Weinberger—I move at this time, your honor, that we be given the privilege to try this case by a jury in view of the fact that we have conformed to section 149 of the District Court act which provides that a trial by jury may be had any time before the fixed trial day by giving two days' notice in writing to the clerk accompanied by the regular amount required by law for the empanelling of a jury. The notice was served and filed with the clerk. The notice was not filed by the clerk of our district court, but was left with him. on the thirtieth day of November, 1915.

The Court—And that is the notice? (Designating a paper.)

Mr. Weinberger—Yes, sir.

The Court—Let the stenographer copy the notice into his record.

(The notice is as follows:)

"*To Thomas M. Bustard, Clerk of the Passaic District Court:*

"You will hereby take notice, that the undersigned attorneys of the defendant demand and you are hereby required to issue a venire of twelve men to hear the issue in the above entitled matter on Wednesday, the first day of December, nineteen hundred and fifteen.

"Dated, November 29th, 1915.

"WEINBERGER & WEINBERGER,
"*Attorneys of Defendant.*"

Mr. Weinberger—I would like to have it noted also on the record that this case was an adjourned case from the first day of December until to-day, the eighth.

The Court—The court denies your motion because you have not given the notice required by statute.

If the trial had been held on December 1st, it is manifest that the court would not have committed error in trying the case without jury, because the two days' notice had not been given. *Condon* v. *Royce,* 68 *N. J. L.* 222, is a case predicated on this section as it stood before 1898, but its reasoning is applicable. Now there is nothing in the record to show a demand for a jury at any stage of the case, except the notice to the clerk, and the request on December 8th. The latter was of course too late. The former, if sufficient as a demand at all, was by its express terms limited to a jury trial on December 1st and did not relate to any other date, so that in order to hold that the District Court committed legal error in refusing a jury on December 8th, it would be necessary to say that this notice, although invalid as a demand for a jury trial on December 1st, operated as a general demand of jury trial on any date to which such trial might be adjourned. We are unwilling to take that view. The normal and usual method of trial in a small cause court or District Court is without a jury. Either party is entitled to a jury, but he must ask for it, or, as held by a number of cases, his right is waived. Originally the procedure was perfectly simple and informal, viz., to state to the court either orally or in writing, that the party demands a jury. No written notice was required until the amendment of 1903, page 505. See *Gen. Stat., p.* 1221, § 38; *Gen. Stat., p.* 1251, *pl.* 198; *Gen. Stat., p.* 1871, § 33; *Comp. Stat., p.* 2992, § 33. By the act of 1905 the court was deprived of power to call a jury unless demand was made at least one day before the return of the summons, and this regulation was held constitutional. *Haythorn* v. *Van Keuren,* 79 *N. J. L.* 101. Then in 1913, as we have seen, the legislature went back to section 149, which requires a demand to be made, and notice thereof to be given

to the clerk at least two days exclusive of Sundays and holidays, before the time fixed for the trial, and prepayment of fees; failing which, the demand shall be deemed to be waived. We find no such demand, but only notice of a demand (ineffective because out of time) that a venire issue to try the case on December 1st. The court was not required to treat this as applicable to any subsequent date, and in the absence of any repetition of it was entitled to regard the right to a jury trial as thereafter waived.

No other ground of appeal being urged, the judgment will be affirmed.