JOSEPH OKIN AND ISAAC SANDUSKY, PARTNERS, DOING BUSINESS UNDER THE NAME OF OKIN & SANDUSKY, PLAINTIFFS-APPELLEES, v. SAMUEL SHAFMAN, DEFENDANT-APPELLANT.

Submitted January 30, 1933—Decided June 22, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the defendant-appellant, *Henry P. Brown* (*Salvatore Muti*, of counsel).

For the plaintiffs-appellees, *Marder & Okin*.

PER CURIAM.

This is an appeal from the Second District Court of the city of Newark, the appeal being taken by the defendant from a judgment rendered by the judge sitting without a jury.

Apparently only one question is raised, namely the propriety of the denial by the judge of an application of the defendant for a jury.

The summons was returnable October 15th, and on November 24th the case was marked ready for trial, but was not tried on that day and by order of the court it was marked "carried to November 26th." The defendant filed a demand for a jury on November 24th and paid the fees and on the 26th the case was marked ready for trial but was not reached and the trial was again carried to the next trial day, to wit, December 1st.

It further appears that defendant renewed his demand for a jury by filing in writing another such demand with the clerk on November 28th. When the case was called for trial December 1st the defendant insisted upon a jury, but that insistence was denied by the judge "on the ground that the time fixed for trial was not the day on which the case was tried, but the original time set for trial" and he proceeded to try the case without a jury, and thereupon the counsel for defendant withdrew entirely and offered no defense. A judgment was rendered for the plaintiffs for $300 and costs.

We believe that under section 149 of the District Court act (*Comp. Stat., p.* 1999), as construed by our cases the judge should have allowed a jury. That section (so far as pertinent to the circumstances of this case) provides for a jury when "a demand for trial by jury shall be made, and notice thereof given to the clerk of the court at least two days, exclusive of Sundays and legal holidays, before the time fixed for trial."

In *Consolidated Gas Co.* v. *Blanda,* 89 *N. J. L.* 104; 97 *Atl. Rep.* 769; *affirmed,* 90 *N. J. L.* 135, it was said that "the phrase 'day fixed for trial' means the return day of the summons if trial be then had, or any later day to which the trial may be adjourned and on which day it is *actually* held." See, also, *Stuppiello* v. *Waldron,* 6 *N. J. Mis. R.* 152; 140 *Atl. Rep.* 436.

The judgment will be reversed and a new trial awarded, costs to abide the event.