# THE STATE OF UTAH, APPELLANT, *v.* GEORGE M. BATES, RESPONDENT.

JUDICIAL NOTICE—OF PRIOR PROCEEDINGS IN SAME CASE—JUDICIAL NOTICE BY STATE COURT—OF DECISION OF U. S SUPREME COURT—DOCTRINE OF LAW OF THE CASE—WHEN NOT APPLICABLE—ARREST—CRIMINAL LAW—UNLAWFUL JURY—SENTENCE AND JUDGMENT—WHEN NULLITIES—CRIMINAL PROCEDURE—CONVICTION IN VIOLATION OF FEDERAL CONSTITUTION—VOID JUDGMENT—NO JEOPARDY.

*Judicial Notice—Of Prior Proceedings in same Case.*

Courts will generally take judicial notice of whatever ought to be generally known within the limits of their jurisdiction, and particularly will they take notice of the records and prior proceedings in the same case.

*Judicial Notice by State Court—Of Decision of U. S. Supreme Court.*

Where a state law, as to a certain class of cases, has once been held, by the Supreme Court of the United States, to be in

22 Utah—5.

contravention of the constitution of the United States, or *ex post facto,* a state court will, whenever thereafter a case of such class comes before it, take notice of the decision of the federal court, and of the question, respecting which the decision was made.[1]

*Doctrine of Law of the Case—When Not Applicable—Arrest.*

When a decision by the Supreme Court of the United States renders absolutely void, convictions and judgments in certain cases which have never been appealed, on account of certain similar defects in procedure, a defendant released from sentence under such a void judgment may be rearrested and tried for the same offense, and the doctrine of the law of the case does not apply.

*Criminal Law—Unlawful Jury—Sentence and Judgment—When Nullities.*

In a criminal case tried before an unlawful jury, all proceedings, after plea entered, are wholly void because of a lack of jurisdiction in the court, and a sentence and judgment therein are mere nullities and may be so treated by every one at any time.

*Criminal Procedure—Conviction in Violation of Federal Constitution—Void Judgment—No Jeopardy.*

An unlawful trial and a conviction therein followed by an absolutely void judgment on such conviction, does not have the effect of putting a defendant *once in jeopardy,* and upon his release from custody under such void judgment, he may be rearrested under the same indictment and upon the same charge; and no plea of *once in jeopardy* can be a bar to a lawful trial notwithstanding his former conviction stands unreversed.

(Decided May 10, 1900.)

*Hon. A. C. Bishop,* Atty. General, and *S. A. King, Esq.,* for the State.

*J. W. N. Whitecotton, Esq.,* and *S. R. Thurman, Esq.,* for respondent.

[1] *State* v. *Hart,* 19 Utah 438; *State* v. *Bates,* 14 Utah 293; *State* v. *Thompson,* 15 Utah 488; s. c. 170 U. S. 343.

BARTCH, C. J.

In this case the defendant was charged, by indictment, with the crime of murder in the second degree. The offense was alleged to have been committed in the county of Tooele, on September 22, 1895, and the indictment was filed on the 30th day of the same month, in the district court of the third judicial district of the territory of Utah, which district included that county. On October 1, 1895, the prisoner entered a plea of "not guilty" to the indictment. Thereafter, upon the territory being admitted into the Union as a state, the files and records in the case were transmitted to the clerk of the district court in and for Tooele county. On April 7, 1896, the cause was tried before a jury of eight men, as provided in the constitution and statutes of the state, and convicted, against the objections of the defendant to such a trial. Afterwards, upon the defendant being sentenced to the state prison for a period of ten years, the case was appealed to the state supreme court, where the trial by a jury of eight men was held valid and the judgment affirmed. On May 12, 1898, upon *habeas corpus* proceedings being instituted in the United States district court for the state of Utah, the defendant was released from imprisonment, but was immediately rearrested upon a warrant of arrest issued out of the district court of Tooele county. Then, upon motion of the defendant a change of venue was granted, and the case removed to the district court of Utah county. There, upon motion, in behalf of the prisoner, the cause was dismissed and the bail discharged upon the ground that the court had no jurisdiction of the subject-matter or of the person of the defendant, or any authority to try the same. This appeal is from that judgment.

At the outset, counsel for the respondent, insist upon their motion to strike from the transcript an affidavit and

some other document attached thereto, relating to the proceedings on *habeas corpus* in the United States district court by which the prisoner was discharged from custody, and claim that they were never settled in a bill of exceptions, and that they have not been certified to this court by the clerk of that court. We do not deem it important to rule upon this motion, because there appears to be nothing in the affidavit and documents referred to, material to this decision, of which we cannot take judicial notice. A court will take notice of the records and prior proceedings in the same case. Likewise, "Courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction." 1 Greenl. Ev. Secs. 5, 6; *Brown* v. *Piper*, 91 U. S. 37; *The State* v. *Bowen*, 16 Kan. 475; *Dawson* v. *Dawson*, 29 Mo. App. 521.

So, where a state law, as to a certain class of cases, has once been held, by the Supreme Court of the United States, to be in contravention of the Constitution of the United States, or *ex post facto*, a state court will, whenever thereafter a case of such class comes before it, take notice of the decision of the Federal Court, which declared such law so *ex post facto*, and of the question, respecting which the decision was made. This principle was recognized in *State* v. *Hart*, 19 Utah, 438, 57 Pac. Rep. 415, where Mr. Justice Miner, speaking for the court, said: "The cases of *State* v. *Bates*, 14 Utah, 293, and *State* v. *Thompson*, 15 Utah, 488, practically embraced the same questions involved in this case. In passing upon the latter case the Supreme Court of the United States, in *Thompson* v. *Utah*, 170 U. S. 343, held that the provision of Art. 1, Sec. 10, of the Constitution of this State, providing for the trial of criminal cases, not capital, in courts of general jurisdiction, by a jury composed of eight

persons, instead of twelve, is *ex post facto* in its application to felonies committed before the territory became a state;" and defendant Morris having committed his offense under the territorial government, we held that in accordance with that decision, he could be tried in the state court by a jury of 12 men. Hence, following the decision in the *Hart Case*, we may look into that of supreme court of the United States, rendered in the *Thompson Case*, to ascertain to what extent it affects the case at bar.

The main question, therefore, remains to be considered, whether, under the decision of the Federal Supreme Court in the Thompson case, and in view of the previous proceedings and judgment in this case in the State courts, the judgment of dismissal, entered by the lower court herein, was correct?

The appellant contends that the action of the court, in dismissing the case for the want of jurisdiction, was erroneous, and maintains that all the former proceedings, after the entry of the defendant's plea, and the conviction were absolutely void, because the trial was conducted before an unlawful jury; that the judgment resulting therefrom, although affirmed by this court, was likewise null and void; and that no lawful jury having been impanneled and sworn at that trial, the defendant was not in jeopardy. The respondent insists that, as the district court held that it was lawful to try him before a jury of eight men, and having been so tried and convicted, and as the judgment was affirmed by the Supreme Court and the case never taken to or the judgment reversed in the Supreme Court of the United States, he cannot again be tried for the same offense, and invokes the doctrine of the law of the case. This position of the respondent, under the facts and circumstances of this case, cannot be regarded as

sound. It is true the case has been once tried by a jury of eight men, and the state courts held that to be a lawful jury, and the cause was never removed to the Federal Supreme Court, and hence never reversed by it, but the case of *State* v. *Thompson, supra,* which involved the identical question, respecting the validity of the state law providing for eight instead of twelve jurors in the trial of this class of cases, was appealed to the Federal supreme court, and that court in that case reversed the state courts, and held the state law *ex post facto* and void, with respect to this class of cases — felonies committed before the Territory became a State.

Mr. Justice Harlan, delivering the opinion of the court, in the case, said: "In our opinion, the provision in the constitution of Utah providing for the trial in courts of general jurisdiction of criminal cases, not capital, by a jury composed of eight persons, is *ex post facto* in its application to felonies committed before the territory became a State, because, in respect of such crimes, the constitution of the United States gave the accused, at the time of the commission of his offense, the right to be tried by a jury of twelve persons, and made it impossible to deprive him of his liberty except by the unanimous verdict of such a jury."

The effect of that decision was to render absolutely void the conviction had and judgment pronounced, under the State law, in every case of felony, where the offense had been committed before statehood. Therefore, notwithstanding the fact that the case at bar, which is a felony shown to have been committed before the territory became a State, was not in terms reversed by the court of last resort, the effect upon it was just the same as if it had been so reversed. And this is the sense in which that decision was received and treated with respect to this case,

for upon its rendition, the respondent was released from imprisonment, and thereafter again arrested under the same indictment and upon the same charge. Under such circumstances the doctrine of the law of the case does not apply. Can he then, the judgment of the State courts, according to the decision of the Supreme Court of the United States, being absolutely null and void, be now tried by a lawful jury of twelve men?

A void judgment is really no judgment. It leaves the parties litigant in the same position they were in before the trial. It leaves them in exactly the same position as if no trial had taken place. Such a judgment confers authority upon no one to enforce it.

"A void judgment," says Mr. Black, "is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever, it has no effect as a lien upon his property, it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril. As to third persons, it can neither be a source of title nor an impediment in the way of enforcing their claims. It is not necessary to take any steps to have it reversed, vacated or set aside. But whenever it is brought up against a party, he may assail its pretensions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral." Black on Judgments, Sec. 170.

In the present case, all the proceedings of the trial court, after the defendant had entered his plea, were wholly void,

because the court, in the absence of a lawful jury, had no jurisdiction to try the cause, and, therefore, its sentence and judgment were mere nullities, and the affirmance of the judgment by the Supreme Court could not make them valid. That judgment, therefore could be held and treated as a nullity whenever, wherever and by whomsoever used or relied upon as a valid judgment.

As soon as it was shown that the defendant was tried by a court having no jurisdiction, and that he was denied a right guaranteed him by the Federal Constitution, the judgment against him was not merely voidable but absolutely void, and he at once became entitled to his discharge, and neither the trial nor the judgment had the effect even of putting the prisoner in jeopardy. As a consequence, upon his release from imprisonment, because of the void judgment, he was again subject to arrest, under the same indictment and upon the same charge, and no plea of once having been put in jeopardy for the same offense can be a bar to a lawful trial, notwithstanding his former conviction stands unreversed. This is so because the former trial was conducted under a law which has since been declared, by the court of last resort, to be as to such a case, in contravention of the constitution of the United States, the trial court thus having acted without jurisdiction. Therefore the respondent may now be tried before a lawful jury.

"If a court has no jurisdiction over the offense, or derives its existence from an unconstitutional statute, or is holding a term not authorized, or is otherwise without authority in the premises, the defendant is not in jeopardy, however far the tribunal proceeds. In most or all of these circumstances, the final judgment is not voidable, as mentioned in a previous section, but void; so that his unreversed conviction is not more a bar to another prosecution

than his acquittal." 1 Bish. on Crim. Law, Sec. 1028; Black on Judgments, Sec. 218; Brown on Jurisdiction, Secs. 101, 102; *Thompson* v. *Utah, supra; State* v. *Hart, supra; In re McClasky,* 2 Okl. 568; *In re Terrill,* 52 Kan. 29; *Hill* v. *The People,* 16 Mich. 351; *State* v. *Carman,* 18 N. W. R. 691; *Hilands* v. *The Commonwealth,* 111 Pa. St. 1.

We are of the opinion that the court erred in dismissing the case.

The judgment is reversed and the cause remanded, with directions to the court below to reinstate the case and proceed in accordance herewith.

BARTCH, J. and McCARTY, District Judge, concur.