GUISEPPE STUPPIELLO, PLAINTIFF-APPELLEE, v. AUSTIN J. WALDRON, DEFENDANT-APPELLANT.

Argued October term, 1927—Decided February 8, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff-appellee, *Rosinger, Mayer & Albano.*

For the defendant-appellant, *Keer & Young (Ernest F. Keer,* of counsel).

PER CURIAM.

The suit was brought by the plaintiff to recover a balance due for work, and the question presented involves one of practice. Two days after the return day of the summons a demand for a jury trial was entered by the defendant. The demand was filed by the clerk of the District Court and the fees required by law were paid. Upon the return day of the summons the case was marked "no appearance on behalf of the plaintiff." After the demand for a jury was filed a stipulation was filed by the attorneys. The case was set down for trial on June 29th, 1926, and was thereafter adjourned from time to time, and, finally, was set down for trial on June 14th, 1927. On the day set for trial the attorney for the defendant requested the court to adjourn the case until July 14th, 1927, which was the day set for jury trials. This the court refused. When the case was called for trial the attorney for the defendant objected to the trial proceeding upon the ground that he had filed a proper demand for a jury in accordance with the statute, and that, therefore the court had no jurisdiction to try the case without a jury. The court overruled this objection and ordered the plaintiff to proceed. The defendant refused to enter any defense or to cross-examine any witness, and judgment was entered for the plaintiff in the amount sued for. The question presented there obviously is one of precedure under the District Court act. That act provides (*Pamph. L.* 1921, *p.* 69): "Unless a demand for a trial by jury shall be made and notice thereof given to the clerk of the court at least two days, exclusive of

Sunday and legal holidays, before the time fixed for the trial and unless the party demanding the same shall at the time of making such demand pay the costs of the venire, the demand for trial by a jury shall be deemed to be waived." The question essentially, therefore, is whether the demand was made two days before the time fixed for trial as provided for in the statute. It is manifest in this case that the defendant had done everything which the statute required him to do for the purpose of obtaining a jury trial. The intervening acts of the parties and of the court from that time to the day set for trial did not deprive him of the right of a jury trial, which he had demanded at the time required by the statute. He did nothing under the circumstances to waive this right, and it was the duty of the trial court under the circumstances to afford him that right whenever the case was set down for trial, unless he had done something to waive the right. It is obvious in the situation presented by the record that he had done nothing to waive his right, but throughout had insisted upon his right to trial by jury.

We think, after an examination of the cases bearing upon the subject in this court, such as *Rosner* v. *Cohn,* 81 *N. J. L.* 343; *Consolidated Gas Co.* v. *Blanda,* 89 *Id.* 104; *Clayton* v. *Clark,* 55 *Id.* 539; *Crosley* v. *Connolly,* 90 *Id.* 238; *Raphael* v. *Lane,* 56 *Id.* 108, that it was the clear intent of the legislature to afford to the defendant upon a proper demand and payment of the fees as required by the statute the right to a jury trial, and that this right could not be affected except by the laches or waiver of the defendant himself, and that once that right attached it was the duty of the court to proceed with the case before a jury.

The procedure in this case evidently deprived the defendant of that legal right accorded to him by the statute, and under the circumstances the judgment should be reversed and remitted to the District Court for the purpose of affording the defendant an opportunity to try the case before a jury.