ROSE TAMBE, BY HER NEXT FRIEND, ALEX TAMBE, AND ALEX TAMBE, INDIVIDUALLY, PLAINTIFFS APPELLEES, v. GUSTAVE OTTO, TRADING AS OTTO'S BAKERY, DEFENDANT-APPELLANT.

Submitted January 26, 1934—Decided May 16, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the defendant, *Collins & Corbin* (*Edward A. Markley*, of counsel).

For the appellees, *Feder & Rinzler*.

The opinion of the court was delivered by

PERSKIE, J. The facts are as follows: Defendant was served with process in this case on November 17th, 1932, and thereafter the clerk of the District Court received a letter, dated November 29th, 1932, from defendant's attorneys enclosing a demand for a jury trial and a draft for $11.75 to cover the jury fees. The clerk, in accordance with his usual custom and practice in such matters, deposited this money

in a special trust fund in the Peoples Bank and Trust Company, in which fund he deposited only money received for jury fees. Later, on March 4th, 1933, the bank was closed, as were all banks, by order of the president of the United States, and this bank has never opened except as it is now operating on a restrictive basis under a statute of this state, known as the "Altman act." *Pamph. L.* 1933, *p.* 43. The result is that the trust fund is restricted and therefore not subject to withdrawal. Subsequently, plaintiff gave written notice to the attorneys for the defendant that he would apply to the judge of the District Court on September 6th, 1933, for an order directing the trial of the action without a jury, unless the defendant deposited a new jury fee on the ground that "the money deposited with the clerk for the drawing of said jury are withheld in the Peoples Bank and Trust Company, as said institution is operating under the Altman act and, therefore, makes it impossible for said clerk to summon a jury to dispose of this case." As a result of that notice, and the argument had thereon, the judge of the District Court made an order directing that the defendant deposit within fifteen days with the clerk of the District Court the sum of $11.75 for the purpose of summoning a *venire,* and further provided that in the event of defendant's failure to make such deposit within that time, that the clerk shall place the case for trial on the regular contested list so that it might be disposed of without a jury in its regular course.

The attorney for the plaintiff, before proceeding with the trial itself, was still willing to give the defendant the opportunity of having the case tried by a jury upon depositing a jury fee, with the understanding that if and when the bank opened or released the funds, that the defendant would be reimbursed the amount which he had deposited there through the clerk, or such portion thereof as the bank would distribute, but counsel for defendant rejected the offer.

Before the case proceeded to trial, counsel for defendant objected thereto on the ground that the defendant was entitled to a jury in accordance with the statute in such case

made and provided. Notwithstanding the objection so made (*Hinchly* v. *Machine,* 15 *N. J. L.* 476), the court proceeded to hear the case without a jury.

Defendant's counsel participated throughout the whole trial of the case, cross-examining the plaintiffs and the witnesses for the plaintiffs, objecting to the admission and rejection of evidence, examining the defendant and the witnesses which were produced for the defendant on direct examination.

The judge rendered verdicts, and judgments were entered thereon, one for $150 in favor of Rose Tambe and one for $50 in favor of Alex Tambe.

The six specifications and directions with which appellant is dissatisfied in point of law are all predicated on the premise that the court deprived the defendant of his statutory right of trial by jury. Appellant argues these specifications under two headings. They are as follows: (1) Said court erred in failing to comply with defendant's demands for trial by jury, which demand was filed at the proper time with the legal fee in accordance with the statute in such cases made and provided, and therefore the trial court had no jurisdiction or legal right to decide the facts of the case; and (2) the trial court erred in ruling that the defendant pay another jury fee.

The District Court act (1 *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 975) provides that:

"Either party may demand a trial by jury \* \* \* unless a demand for trial by jury shall be made, and notice thereof given to the clerk of the court at least two days exclusive of Sunday and legal holidays, before the time fixed for the trial, and unless the party demanding the same shall at the time of the making such demand pay the costs of the *venire,* the demand for trial by jury shall be deemed to be waived."

This right is absolute if demanded at the proper time. *Clayton* v. *Clark,* 55 *N. J. L.* 539, 542. See, also, *Condon* v. *Royce,* 68 *Id.* 222, 225; *McKenzie* v. *Gilbert,* 69 *Id.* 184; *Story* v. *Walker,* 71 *Id.* 256. Otherwise it is waived. *Consolidated Gas, &c., Eng. Co.* v. *Blanda,* 89 *Id.* 104; *affirmed,* 90 *Id.* 135. And a demand for a jury trial properly made

deprives the court of jurisdiction to try the case otherwise than by jury. *Raphael* v. *Lane,* 56 *Id.* 108, 114.

In the case of *Crossley* v. *Connolly Co.* (*Court of Errors and Appeals,* 1916), 90 *N. J. L.* 238, defendant demanded a trial by jury, and during the progress of the trial the court, upon motion of the plaintiff, dismissed the jury and adjourned the case, and, upon the next day fixed for the trial, over objection of the defendant, proceeded to hear the case without a jury. Mr. Justice Minturn, for the court said: "* * * The inquiry results whether, in such a situation, no legislative provision having been made for the return of the same jury, or the payment of the cost of a subsequent *venire,* the District Court may order an adjournment of a jury trial and impose upon the defendant, *ex necessitate,* the cost of another *venire,* for the trial of the case upon the adjourned day."

"Whereas, in this case, it is manifest that the plaintiff's demand was brought about by no dereliction or default upon the part of the defendant, the rights of the latter to the form of trial conceded to him by statute, and which he has elected to adopt in conformity with the statutory procedure, should in nowise be jeopardized by the action of the court. Neither the plaintiff's unwillingness to proceed nor the trial court's recognition of his right to an adjournment, should be so determined as to deprive the defendant of a right secured to him by law."

"The practical equitable procedure in such an exigency would dictate that the postponement requested be granted upon terms which would impose upon the party demanding it the costs incident to the issuing of another *venire,* so that upon the adjourned day the parties may be restored to the *status quo ante.*"

And "the phrase 'day fixed for trial' means the return day of the summons if trial be had, or any later day to which the trial may be adjourned and on which day it is actually held." *Consolidated Gas, &c., Eng. Co.* v. *Blanda, supra.* See, also, *Stuppiello* v. *Waldron,* 6 *N. J. Mis. R.* 152; 140 *Atl. Rep.* 436; *Okin* v. *Shafman,* 11 *N. J. Mis. R.* 462.

Appellees cite *Wilson et al.* v. *People,* 19 *Colo.* 199; 34 *Pac. Rep.* 944; 5 *R. C. L.* 630, and urges that the clerk of the District Court is not responsible, under circumstances of the instant case, on his bond. This is beside the point. The test is the performance of the conditions entitling the party to a jury and not the ultimate destiny or responsibility for the loss of the fees advanced. When the defendant made the necessary demand for a jury, paid the statutory fees, he performed the necessary acts which entitled him to have his case heard by a jury. His rights to a jury became absolute and complete. It is not his concern what later became of the money. It is not difficult to visualize many circumstances, other than those appearing in the instant case, such as loss, defalcation, theft, &c., which would make the moneys deposited and needed for a jury unavailable. But no such circumstances, other than a failure to comply with the terms of the act, or an express waiver thereof, could defeat defendant's right to a trial by jury. The mere fact that the money is unavailable, by reason of the circumstances of the instant case, is most unfortunate but, as indicated, is wholly an immaterial circumstance. *Crossley* v. *Connolly Co., supra.*

Nor do we think that because counsel for appellant participated in the trial, after a complete compliance of the terms of the statute for a jury trial and over objection against proceeding without such a jury, can defeat his absolute and completed right in the premises, namely, a trial by jury. "The defendant has had no voice in choosing the forum, hence has submitted himself to no implied conditions arising from its construction. He is there *in invilum* with the right to question the constitutionality of the procedure in all its steps, and to ignore utterly all innovations upon his common law rights for which express legislative authority does not exist. No custom, however reasonable, and no rule of court, however adopted, can deprive him of a constitutional privilege that is unconditionally incorporated in the legislative act to which the tribunal owes its existence." *Clayton* v. *Clark, supra.*

The court never acquired jurisdiction of the subject-matter

of the litigation. It is in this respect that the case of *Venghis* v. *Commonwealth Casualty Co.*, 101 *N. J. L.* 151, and the cases cited therein, are distinguishable from the case at bar.

Judgment is reversed.