STATE *er rel.* HULDA MARCUM

*v.*

ELMER FERRELL, *Sheriff, Etc.*

(No. 10689)

Submitted September 1, 1954. Decided September 28, 1954.

*Hiram G. Williamson,* for relator.

No appearance for respondent.

BROWNING, JUDGE:

The relator, Hulda Marcum, a female fifteen years of age, invoked the original jurisdiction of this Court by filing herein, on June 29, 1954, her petition for a writ of habeas corpus *ad subjiciendum* to be directed to Elmer Ferrell, Sheriff and Jailer of Mingo County, West Virginia. The writ was issued by this Court on July 26, 1954, commanding the respondent to produce the body of relator before this Court and show cause why he detains and restrains her of her liberty. At the same time, bail was fixed in the sum of $500.00 to be given before the Clerk of the Circuit Court of Mingo County. The writ was made returnable on September 1, 1954, at which time there was no appearance either in person or by counsel by the respondent. The case was submitted for decision at that time upon brief of counsel for the relator.

The petition alleges that prior to June 10, 1954, one George Marcum had been arrested and confined in the Mingo County jail on a warrant charging him with the crime of rape upon the relator, and on the last mentioned date a hearing was held before the Judge of the Circuit Court of Mingo County upon a motion for bail by the prisoner George Marcum. The relator was called as a witness at that hearing, although the petition does not disclose by whom. She denied under oath that she had ever had sexual intercourse with George Marcum, the latter apparently having been charged with statutory rape, although that is not clear from the record before this Court. However, the relator, upon cross-examination, admitted that she had had sexual intercourse with a member of the armed forces of the United States near her home on Mate Creek, Mingo County, at some time previous to

the bail hearing, but refused to divulge the identity of the person with whom she had such relations. At the conclusion of the hearing, George Marcum was admitted to bail, and the relator was immediately sentenced to the State Industrial Home for Girls at Salem, West Virginia. She was committed to the county jail of Mingo County to await transportation to the juvenile institution at Salem. On the evening of the same day, counsel was employed by her parents, and request was made of the judge that the relator be granted trial before a jury. On the following day, counsel again appeared before the court and moved that the relator be granted a jury trial, and pending such trial that she be released in the custody of her parents, all of which motions were denied. No indictment or warrant charging the relator with a criminal offense was pending against her at the time of her commitment, nor had a petition been filed with the court citing her as a delinquent child under the provisions of the applicable statute.

By Chapter 1, First Extraordinary Session, 1936, Acts of the Legislature, now part of Chapter 49, of the Official Code, there was provided a comprehensive system of child welfare throughout the State. Section 1 of Article 5, as amended by Chapter 73, Acts of the Legislature, Regular Session, 1941, provides: "The circuit court of the county shall have original jurisdiction in proceedings brought by petition under this article. If, however, a court of record in addition to the circuit court has been or is subsequently created in a county, proceedings under this article shall be held in the additional court with right of appeal to the circuit court as follows: * * *." The Circuit Court is the only court of record in Mingo County, that court also being the juvenile court of that county.

Section 2, Article 5, Chapter 49, provides that:

"* * * A person subject to the jurisdiction of the juvenile court may be brought before it by either of the following means and no other:

"(a) By petition praying that the person be adjudged neglected or delinquent;

"(b) Certification from any other court before which such person is brought, charged with the commission of a crime."

Code, 49-5-3, provides that juvenile courts shall have "exclusive jurisdiction to hear and determine criminal charges" against juveniles, except charges of capital offenses. However, Section 12 of Article VIII of the State Constitution, provides that circuit courts shall have "original and general jurisdiction * * * of all crimes and misdemeanors. * * *"

It is not necessary to discuss here the question of whether there is a conflict between Code, 49-5-3, and the constitutional section last quoted. Whether the court, at the time of the sentencing of the relator, was sitting as a circuit court or a juvenile court, is inconsequential. No petition had been filed by a "reputable person" alleging that the relator was a delinquent child, and if such had been filed under the provisions of Code, 49-5-7, the court or the judge had not "set a time and place for a hearing and proceedings upon the facts." There was no certification from another court, and the relator had not been charged by indictment or warrant with a criminal offense.

Code, 49-5-13, provides that the court or judge may, upon request of the child or of the person named in the petition, appoint counsel to represent the child. Section 6 provides that: "In a proceeding under this article, an interested person may demand, or the judge of his own motion, may order a jury of twelve persons to try any question of fact."

This Court held in *Newman* v. *Wright*, 126 W. Va. 502, 29 S. E. (2d.) 155, that the right to demand a jury trial under this section, upon any question of fact, is absolute, and that it is reversible error to refuse that demand when seasonably made.

The relator never had an opportunity to demand any of the safeguards granted by Chapter 49, and the State

and Federal Constitutions. She was called as a witness in a bail hearing of another charged with a capital offense, and did not know, and could not have known, that she herself was on trial until after she had completed her testimony. At that time, in the absence of petition, indictment, or certification from another court, she was sentenced to the Industrial Home for Girls, and immediately committed to the jail of Mingo County upon information divulged by her as a witness.

This Court has original jurisdiction in habeas corpus by virtue of Article VIII, Section 3, of the State Constitution, and by the provisions of 51-1-3, of the Code. Habeas corpus is the appropriate remedy where the party complaining is detained in custody by order of a court which is without jurisdiction in the case, or if the proceeding under which the party is detained is absolutely void. *State ex rel. Medley* v. *Skeen,* 138 W. Va. 409, 76 S. E. (2d.) 146.

While the court which committed the relator in this case has jurisdiction of the offense for which the relator was committed, and has jurisdiction of juveniles, it did not have jurisdiction of the person of this relator, because she was not, in any manner provided by law in this State, properly before the court upon the charge for which she was found guilty and committed. She was not informed "of the cause of the accusation" against her under the mandatory provisions of Article III, Section 14 of the Constitution of this State. That being true, it follows that any judgment entered by the court, or commitment issued upon such judgment, is void, and, therefore, the relator is being restrained of her liberty without due process of law.

The peremptory writ will issue, and the prisoner will be discharged.

*Relator discharged.*