312

APPLICATION OF JAY BANSCHBACH, A CHILD UNDER THE AGE OF EIGHTEEN YEARS, FOR A WRIT OF HABEAS CORPUS OR A WRIT OF REVIEW.

No. 9887.
Submitted February 6, 1958. Decided March 24, 1958.
323 Pac. (2d) 1112.

Arnold H. Olsen, Helena, argued orally, for appellant.

Gene A. Picotte, Dist. Judge Lester H. Loble, per se, Helena, argued orally, for respondent.

MR. JUSTICE ANGSTMAN:

On October 23, 1957, the probation officer of Lewis and Clark County, filed a petition against Jay Banschbach and others charging them with being delinquent children under the provisions of section 10-601 to 10-631, and in a second cause of action charged them with being dependent and neglected children under the provisions of sections 10-501 to 10-523, R. C. M. 1947.

Jay Banschbach was thereafter tried separately and committed to the Montana State Industrial School at Miles City until such time as he attains the age of twenty-one years, or unless sooner legally discharged by the proper authorities of that institution. His motion for a new trial was denied.

On application of his mother, this court granted a writ of review, and the matter is now here for consideration.

The petition alleges in substance that Jay Banschbach demanded that he be tried by a jury and that his demand was refused; that he was thereupon, over his protest, tried by the judge without a jury. His contention is that the court was without jurisdiction to try him without a jury and that is the principal question presented for consideration. The respondent district court and the Honorable Lester H. Loble, judge thereof, filed a motion to quash the writ of review upon the principal ground that the petition does not state facts sufficient to justify the issuance thereof, since it appears from the allegations

contained therein that petitioner has an adequate remedy at law.

Under section 93-9002, the writ of review may be granted █ when an inferior tribunal has exceeded its jurisdiction. It has generally been held that the writ cannot be used to correct errors within jurisdiction. State ex rel. Mercer v. District Court, 115 Mont. 385, 145 Pac. (2d) 527.

The respondent court contends that when a jury trial may be waived, the action of the district court in denying a jury trial is at most error within jurisdiction, and that the writ of review will not lie; that the remedy is by appeal only. There are many cases supporting this view, among them being: Ex parte Miller, 82 Cal. 454, 22 Pac. 1113; In re Fife, 110 Cal. 8, 42 Pac. 299; Ex parte Ohl, 59 Nev. 309, 92 Pac. (2d) 976; 95 Pac. (2d) 994; Nessbit v. Superior Court, 214 Cal. 1, 3 Pac. (2d) 558; Goodman v. Superior Court, 8 Cal. App. 232, 96 Pac. 395, but even in California there are cases to the contrary. Mallarino v. Superior Court, 115 Cal. App. (2d) 781, 252 Pac. (2d) 993; Knight v. Superior Court, 95 Cal. App. (2d) 838, 214 Pac. (2d) 21, and see Ex parte Becknell, 119 Cal. 496, 51 Pac. 692. There is no question but what a jury trial could have been waived in the proceedings involved in the respondent court. Article III, sec. 23, Mont. Const.; R. C. M. 1947, sec. 10-603.

The better-reasoned cases take the view that where either the █ Constitution or statute gives the right to a trial by jury and the jury is demanded and not waived, the jury constitutes an essential part of the tribunal authorized to determine the facts, and that the court in attempting to determine the facts without a jury exceeds its jurisdiction. Under our statute, section 10-603, it is only when there has been no demand for a jury or a waiver of a jury trial, that the judge may determine the facts. On motion to quash, we must accept the allegations of the petition as stating the facts, namely, that a jury was demanded and refused.

The applicable rule is stated in Commonwealth v. Rowe, 257

Mass. 172, 180, 153 N. E. 537, 540, 48 A. L. R. 762, where the court after reviewing the authorities said: "We think, there= fore, that in interpreting the language of statutes which have come to us practically unchanged since 1836, we must bear this history in mind, and, giving to the words their ordinary meaning, interpret them as making the jury a constituent part of the tribunal for the determination of disputed facts whenever a defendant pleaded not guilty to an indictment, whether that indictment charged felony or misdemeanor, and whether or not such had been the common law of the commonwealth before 1836."

In Farmer v. Loofbourrow, 75 Idaho 88, 267 Pac. (2d) 113, 114, 41 A. L. R. (2d) 774, the court said:

"The denial of the right of trial by jury in a case where such right exists under the constitution or statute would result in the court exceeding its jurisdiction, Knight v. Superior Court, 95 Cal. App. (2d) 838, 214 Pac. (2d) 21; prohibition lies to prevent the court from exceeding its jurisdiction in this respect, Williams v. Weirich, 74 W. Va. 47, 81 S. E. 560; moreover, where a party is entitled to a jury trial as a matter of right and it is being withheld from him, mandamus may be invoked, Cloonan v. Goodrich, 161 Kan. 280, 167 Pac. (2d) 303; In re Simons, 247 U. S. 231, 38 S. Ct. 497, 62 L. Ed. 1094; McKee v. De Graffenreid, 33 Okl. 136, 124 Pac. 303; State ex rel. Nichols v. Cherry, 22 Utah 1, 60 Pac. 1103; State ex rel. Hansen v. Hart, 26 Utah 229, 72 Pac. 938; Brown v. Buck, Kalamazoo Circuit Judge, 75 Mich. 274, 42 N. W. 827, 5 L. R. A. 226, 13 Am. St. Rep. 438; moreover, this is so even though his refusal to do so is reversible on appeal, Lerner v. McDermott, 164 A. 864, 11 N. J. Misc. 99.

"If this is an action in which applicant is entitled to a trial by jury and such right has not been waived in conformance with the provisions of the statute, Sec. 10-301, I. C., then it is obvious that the right to a writ of prohibition is available irrespective of any right of appeal or review or other remedy,

Lake O'Woods Club v. Wilhelm, 126 W. Va. 447, 28 S. E. (2d) 915 * * *.'' To the same effect is Cooper v. Wesco Builders, 76 Idaho 278, 281 Pac. (2d) 669.

In Matheny v. Greider, 115 W. Va. 763, 177 S. E. 769, the court held that when a jury trial has been demanded in a civil action the empaneling of a jury to try disputed questions is a jurisdictional requirement and a judgment rendered by the court without empaneling a jury is void.

To the same effect are Territory v. Ah Wah and Ah Yen, 4 ▇ Mont. 149, 1 Pac. 732, 47 Am. Rep. 341; Tambe v. Otto, 113 N. J. L. 71, 172 A. 544; Clayton v. Clark, 55 N. J. L. 539, 26 A. 795; Armstrong v. Jones, 139 W. Va. 812, 81 S. E. (2d) 675; State ex rel. Marcum v. Ferrell, 140 W. Va. 202, 83 S. E. (2d) 648; Crouch v. United States, 4 Cir., 1925, 8 F. (2d) 435, and State v. Bates, 22 Utah 65, 61 Pac. 905. We fail to see any distinction in legal principle between the case where a jury may not be waived and one where it may be waived but in fact was not, as here. The only tribunal that has jurisdiction to try issues of fact in a case where the statute confers the right to jury trial when demanded is the court sitting with a jury, where as here the jury has not in fact been waived.

The motion to quash is not well-taken. The only other question in the case is whether petitioner actually did waive a jury trial. Under section 93-5301, if the proceedings against petitioner be treated as civil in their nature then there can be a waiver of a jury trial "By written consent, in person or * * * By oral consent, in open court, entered in the minutes." Admittedly there was no waiver here in the statutory method. The respondent court contends that the petitioner waived his right to a jury trial by not making his demand in time. This contention cannot be sustained. In considering this point we assume, without so deciding, that under the statute a demand was necessary in order for petitioner to have the right to a jury. Here that demand was made and it remains to be determined whether it was made in time. It was made on October

31, the day before the case was set for trial. The demand was renewed on the morning of the trial and before any evidence was introduced.

Of course, if accused proceeds to trial without making his ■ desires for a jury known, then he waives a jury trial under the rule stated in Ex parte Lewis, 85 Okl. Cr. 322, 188 Pac. (2d) 367, and Ex parte Guisti, 51 Nev. 105, 269 Pac. 600. In other words, he is not permitted to gamble on the outcome before the judge without a jury and then if dissatisfied make a belated demand for a jury. Here, as above-noted, proper demand was made on the day before the case was to be reached for trial. ''The failure of the juvenile court to accord a jury trial, where demand therefor is made, is not to be excused on the grounds that a jury is not available.'' Ex parte Lewis, supra. [85 Okl. Cr. 322, 188 Pac. (2d) 382.]

Here the record shows that after a jury had been selected to try a case on October 31, the rest of the panel was excused until November 6.

However, the Legislature provided that a jury, in a case such as this, may be drawn from jury box 3 in the discretion of the court, section 10-604, or the case could have been continued until after November 6, at a time when the regular panel would again be in attendance. .

Some courts take the view that a demand for jury trial must be made at the time the trial begins, in order to save the point, and it is not enough that a demand was made previously and denied. Compare Haas v. Olson, 217 Ind. 50, 26 N. E. (2d) 35, and Blair v. Curry, 150 Ind. 99, 46 N. E. (2d) 672, 49 N. E. 908.

Here, as above-noted, the demand was made at the opening ■■ of the trial as well as on the day preceding. The general rule governing this question is stated in 50 C. J. S. Juries, sec. 102, p. 810, as follows: ''In the absence of any statutory provision to the contrary, it is not too late to demand a jury on the day of trial.''

The case of Campbell v. Powell, 76. Okl. 286, 287, 185 Pac. 328, 329, held that a demand made on the day of the trial was timely. This was a civil case. A jury was demanded on the day of the trial which was on March 2, 1917... It was denied. The reasons given by the court for the denial were as follows:

"The Court: Overruled for the reason that on the 6th day of February, 1917, this case was set for trial on February 26, 1917, without any objections from any parties concerned. And it was further announced at the time that there would be no jury at this term of the court, and the case was continued from February 26th to March 1st, and from March 1st until this day."

In holding that the court should have granted the demand for a jury the Supreme Court of Oklahoma in the Campbell case quoted the Oklahoma statute which is practically identical with our section 93-5301 and then said:

"The mere setting of a case for trial by the clerk or court on the nonjury docket is not within itself a waiver of a trial by a jury. Board of Commissioners of Alfalfa County v. Ferguson, 65 Okl. 311, 166 Pac. 437.

"The Legislature in preserving the right of a jury trial, provides what must be done, and this is in clear and unambiguous language, and there is no time fixed for this demand to be made. The statute indicates that the waiver of a jury must be affirmatively shown. If the parties desire to waive a jury and submit their cause to the court, the statute gives them a clear remedy so to do. In this case there was no written consent to such waiver filed with the clerk or oral consent in open court entered on the journal. The plaintiffs in error did not go to trial without demand, but demanded one.

"We find that the defendant Mrs. Campbell, administratrix, was entitled to a jury to try the issue involved, and the cause is reversed and remanded, for the reason that this right was denied her."

Other cases holding that a demand made on the day of the

trial is timely, when there is no statute or rule of court prescribing the time when a demand must be made, are: Woods v. Tanquary, 3 Colo. App. 515, 34 Pac. 737; Field v. Ten Eyck, 18 N. J. L. 195, and Poyer v. New York Central & H. R. R. Co., 1879, 7 Abb. N. C., N. Y. 371.

Respondents rely on a statement in 50 C. J. S. Juries, sec. 102, p. 810, note 80, to the effect that a ''demand was properly denied when not made until the day of trial.'' Two cases are there cited in support of that statement. Only one of them touches the precise point here involved. That case is State v. Leabo, 89 Mo. 247, 1 S. W. 288, but it is wholly different from this because in that case there was a statute requiring that a demand for jury must be made three days before the case is set for trial. The statute was not observed, but the demand was made on the day of trial. It was under such circumstances that the Supreme Court of Missouri held it was discretionary with the trial court to either grant or refuse the demand.

The record discloses that counsel for Jay Banschbach sat in ■ the courtroom and witnessed the proceedings in the cases being tried two or three days before the demand for a jury was made, and that as a matter of fair dealing with the court, he should have demanded a jury before the panel was excused. In the absence of legislation or rule of court fixing a definite time for such a demand, we hold that it is proper and timely at any time before the taking of testimony, particularly where as here a jury from Box 3 is readily obtainable and would not entail much of a delay in the trial. Proper regard however for the orderly conduct of the proceedings of the court and the arrangement of its calendar should prompt attorneys who desire jury trial in such cases to make their demand known as soon as possible, and particularly before the jury panel is excused, when they know or have reason to believe that the panel is about to be excused.

The judgment imposed against petitioner must be set aside,

and the cause remanded to the district court to proceed to trial with a jury.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ADAIR, and HON. WILLIAM F. SHALLENBERGER, District Judge, sitting in place of MR. JUSTICE BOTTOMLY.