No. 13072

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA ex rel.
INDUSTRIAL INDEMNITY COMPANY,
a corporation,

                    Relator,

        -vs-

THE DISTRICT COURT OF THE FOURTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
MISSOULA, THE HON. JACK L. GREEN,
DISTRICT JUDGE AND TERREL M.
FRANCISCO, Administratrix of the
Estate of WILLIAM J. FRANCISCO,
Deceased,

                    Respondents..

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Relators:

        Marra and Wenz, Great Falls, Montana
        Joseph R. Marra argued, Great Falls, Montana
        John F. Iwen argued, Great Falls, Montana

    For Respondents:

        Knight, Dahood, Mackay and McLean, Anaconda, Montana
        C. F. Mackay argued, Anaconda, Montana

---

                    Submitted:  November 10, 1975

                    Decided: DEC 3 1 1975

Filed: DEC 3 1

_Thomas J. Kearney_
                              Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original application for a writ of supervisory control or other appropriate writ, directing the district court to dismiss a declaratory judgment action and order a trial on the merits, and to permit plaintiff in the district court action, Terrel M. Francisco, to amend her complaint.

William J. Francisco died on June 14, 1968, as a result of an industrial accident allegedly caused by the negligence of a third party. Relator, Industrial Indemnity Company, was at all times pertinent hereto, the workmen's compensation carrier for Francisco's employer. On July 22, 1968, the Workmen's Compensation Division ordered relator to pay 600 weeks of compensation, totalling approximately $28,000.

Under the applicable statute, section 92-204, R.C.M. 1947, (repealed Section 2, Ch. 493, Laws 1973), relator is entitled to be

" * * * subrogated only to the extent of either one-half (1/2) of the gross amount paid at the time of bringing action and the amount eventually to be awarded to such employee as compensation under the workmen's compensation law, or one-half (1/2) of the amount recovered and paid to such employee in settlement of, or by judgment in said action, whichever is the lesser amount. * * *"

The statute also gives relator a lien on the cause of action for the amount subrogated.

The claim brought against the third party tortfeasor by Francisco's widow (plaintiff) was settled, for the sum of $60,000 on November 14, 1974. Under section 94-204, R.C.M. 1947, relator would be entitled to $14,000 from this settlement, which is one-half of the 600 weeks compensation payable under the July 22, 1968 order.

The present dispute arises out of a telephone conversation of November 13, 1974, between one of plaintiff's attorneys and relator's claims supervisor. Plaintiff claims an oral contract

resulted and relator denies that an oral contract was entered into.

Relator contends that plaintiff's attorney gave relator's claim supervisor a possible settlement figure for the third party suit of between $6,000 and $7,500 and inquired whether relator would compromise its subrogation interests. The claims supervisor was away from his office so did not have his files available, but it is claimed that he did indicate he would recommend settlement of the subrogation claim for a reduction of the last 100 weeks (50 weeks according to plaintiff's attorney) of compensation, provided the settlement was in the neighborhood of $6,000 to $7,500.

In November, 1974, relator received letters from plaintiff's attorneys requesting execution of settlement forms, compromising the subrogation rights. None of the forms or letters contained an indication of the actual amount for which the third party claim was settled.

The claims supervisor learned of the $60,000 settlement and, after consultation with relator's counsel, a letter was sent to plaintiff's attorneys advising them relator would demand the full amount of subrogation and further requesting the third party's insurer to name relator as a payee on any draft issued to plaintiff, so as not to delay or disturb the third party settlement. Plaintiff's attorneys wrote back that the third party settlement was based on the oral agreement by relator's claim supervisor to accept 50 weeks compensation as a compromise to relator's subrogation rights.

On January 2, 1975, agreement was reached to place $6,250 (the amount in controversy) in a trust account pending the outcome of the present litigation over the disputed existence of an oral contract and its contents. The amount deposited was arrived

at as follows:

(1)  Relator's claimed set-off of the last 200 weeks of compensation or $8,250;

(2)  Plaintiff has agreed to the last 50 weeks or $2,000, leaving $6,250 in controversy.

Plaintiff filed a declaratory judgment action in district court, Missoula County, asking construction of the alleged oral contract.  Relator moved the court to dismiss, under Rule 12, M.R.Civ.P., as the question is whether or not an oral contract exists and is a denial of relator's rights to a trial on the merits as to whether or not an oral contract exists.  Relator petitions this Court to issue a writ of supervisory control or other appropriate writ to prevent a miscarriage of justice.

The issue presented in this matter is whether a declaratory judgment action is the proper procedure to determine whether or not a contract actually exists.

A declaratory judgment action may be brought to construe a contract under section 93-8902, R.C.M. 1947:

> "Any person interested under a deed, will, written
> contract or other writings constituting a contract,
> or whose rights, status or other legal relations
> are affected by a statute, municipal ordinance,
> contract or franchise, may have determined any
> question of construction or validity arising under
> the instrument, statute, ordinance, contract, or
> franchise and obtain a declaration of rights, status,
> or other legal relations thereunder."

This Court in Carpenter v. Free, 138 Mont. 552, 555, 357 P.2d 882, held the "written contract" language of section 93-8902, does not exclude oral contracts from its operation:

> " * * * it is clear that an action for a declara-
> tory judgment can be maintained to obtain a deter-
> mination of the rights and duties of the respective
> parties to an oral contract."

In Mahan v. Hardland, 147 Mont. 78, 410 P.2d 156, this Court found a declaratory judgment action was not the proper means to construe an oral contract if the terms of the contract are not

- 4 -

admitted by all parties.

In <u>Mahan</u> the existence of the oral contract was admitted, but the terms of the contract were not. In the instant case, the very existence of the oral contract is in controversy.

The general rule is stated in 26 C.J.S. Declaratory Judgments §16, p. 81:

> " * * * a declaratory judgment proceeding is primarily intended to construe the meaning of a law, and not to determine the existence of controverted facts, and * * * ordinarily a court will refuse a declaratory judgment which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action."

In the instant case, the existence of a controversy as to whether or not an oral contract was made renders this action improper for a declaratory judgment.

The district court erred in denying relator's motion to dismiss the declaratory judgment action and grant a trial on the merits. The dismissal, in effect, is a finding by the district court that an oral contract exists to be construed. Only a fact determination can make such a finding.

Unless a jury trial is waived, the jury, not the judge, is the ultimate trier of fact. If a fact issue exists, Rule 38(a), M.R.Civ.P., specifically reserves the right to trial by jury.

In <u>Mahan</u>, at p. 85, quoting from Baumgartner v. Schey, 143 Colo. 373, 353 P.2d 375, it states:

> " * * * If the action in which declaratory relief is sought would have been an action at law had it been permitted to mature without intervention of declaratory procedure, the right to trial by jury of disputed questions of fact is not affected. * * *"

Relator is entitled to a trial by jury to determine whether or not an oral contract exists.

For the foregoing reasons we hereby grant relator's petition for a writ of supervisory control and direct the district

court to grant relator's motion to dismiss the declaratory judgment action with permission to plaintiff to amend her complaint so that the matter may proceed to a trial on the merits.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

Mr. Justice Haswell, dissenting:

I dissent. In my view supervisory control should be denied for two reasons: (1) A declaratory judgment is proper under the pleadings; (2) a declaratory judgment is proper under relator's unpleaded contentions.

The only pleading before the district court was the complaint for declaratory judgment. It alleges an oral compromise settlement agreement of a pending lawsuit, the terms thereof, relator's claim of misunderstanding or mistake in entering into the agreement, and an existing controversy by reason thereof. It seeks a declaratory judgment determining the rights and liabilities of the parties under the agreement. There is no allegation or suggestion in the complaint that the terms of the compromise settlement were not in fact agreed to by both parties.

The complaint clearly states a claim for relief under section 93-8902, R.C.M. 1947, of the Uniform Declaratory Judgment Act. That statute provides in pertinent part:

> "Any person * * * whose rights, status or other legal relations are affected by a * * * contract * * * may have determined any question of construction or validity arising under the * * * contract * * * and obtain a declaration of rights, status or other legal relations thereunder."

Oral contracts or arguments are subject to adjudication under the Uniform Declaratory Judgments Act. Carpenter v. Free, 138 Mont. 552, 357 P.2d 882. In my view, the district court was correct in denying relator's motion to dismiss on the pleadings before it.

Relator's unpleaded contention is that a declaratory judgment action is improper because the existence of the contract or agreement is disputed. Although there were statements on oral argument and in relator's brief that the existence of a contract is denied, the gist of relator's position, as I understand

- 7 -

it, is not that a compromise settlement agreement was not in fact made, but, that it is invalid because of mistake, misrepresentation or fraud.

The validity of an agreement is subject to adjudication under the express terms of the Uniform Declaratory Judgments Act, section 93-8902, R.C.M. 1947, quoted above. We have recently affirmed a declaratory judgment upholding the validity of a series of hospital contracts against a contention that one of the contracting parties had no authority to enter into the contracts on behalf of the state, Montana Deaconess Hospital v. Dept. of S.R.S., ____Mont.____, 538 P.2d 1021, 32 St.Rep. 801; and have granted an original declaratory judgment upholding the validity of a city's contract to sell Special Improvement District bonds bearing 7-3/4% interest. State ex rel. The City of Townsend v. D. A. Davidson Corporation ~~Company,~~ ____Mont.____, 531 P.2d 370, 32 St.Rep. 74.

If the rule were otherwise, insurance policy questions commonly determined in declaratory judgment actions which involve the validity of the contract could no longer be adjudicated in such actions, e.g. where payment of premiums was disputed or where representations of physical condition in procuring life insurance were in issue.

The existence of factual issues concerning the validity of the agreement in the instant case is no impediment to a declaratory judgment as the Act provides in section 93-8909, R.C.M. 1947:

> "When a proceeding under this act involves a determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

In my view the district court's denial of relator's motion to dismiss was correct and did not involve an implied finding that

an oral contract exists to be construed.  The district court's order did not preclude a jury trial on any disputed question of fact.

For the foregoing reasons, I would dismiss relator's application for a writ of supervisory control.

_____
                Frank I. Haswell
                    Justice