MONTANA ASSOCIATION OF TOBACCO AND CANDY DISTRIBUTORS, Plaintiff and Appellant, v. THE STATE BOARD OF EQUALIZATION of the State of Montana et al., Defendant and Respondent.

No. 11851.
Submitted Sept. 11, 1970.
Decided Nov. 12, 1970.
476 P.2d 775.

MR. CHIEF JUSTICE HARRISON deemed himself disqualified and took no part in opinion.

Harrison, Loendorf & Poston, Jerome Loendorf (argued), Helena, for plaintiff-appellant.

Edward J. Bell (argued), Helena, for defendant-respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This case involves the legality of a formula used by the State Board of Equalization in calculating the wholesale and retail costs of cigarettes under the Montana Cigarette Sales Act. The district court of Lewis and Clark County entered judgment upholding two Board orders continuing the use of this formula following 1969 legislative amendments to the state cigarette tax statutes. Plaintiff trade association appeals from this judgment.

Plaintiff and appellant is the Montana Association of Tobacco and Candy Distributors, a trade association representing cigarette wholesalers. Defendant and respondent is the State Board of Equalization of the State of Montana, hereafter called the Board.

A brief background to the present controversy will illuminate the issue involved in this appeal. The Montana Cigarette Sales Act, codified as sections 51-301 through 51-314, R.C.M. 1947, was originally enacted by the legislature in 1965. Broadly speaking, it prohibits the sale of cigarettes below cost both in the wholesale and retail trade as a means of protecting and stabilizing state cigarette tax revenues. The Act provides for a determination of the cost of cigarettes to the wholesaler, which is defined as the basic cost of cigarettes to him plus his cost of doing business and cartage costs. The cost of cigarettes to the retailer is wholesale cost plus 10%. The sale of cigarettes by either wholesalers or retailers below cost as so established is prohibited.

The Board is given the duty of enforcing the Act, together with "the power to adopt, amend and repeal rules and regulations necessary to enforce and administer the provisions of this act." Following passage of the Act and pursuant thereto, the Board established the following formula for calculation of the cost of cigarettes to wholesalers and retailers respectively:

1. Manufacturer's base cost.
2. United States tax.
3. Montana tax (80 cents less allowance of 4 cents to wholesaler for collecting state tax under section 84-5608=76 cents).
4. Add items 1, 2, and 3=basic cost.
5. Add to item 4, 5% of basic cost which is statutorily prescribed minimum wholesale cost of doing business (which includes the 4 cent allowance under section 84-5608)=cash and carry cost.
6. Multiply item 4 by .75%=cartage cost.
7. Add items 5 and 6=minimum wholesale cost to retailer.
8. Item 7 plus 10%=minimum retail cost to consumer.

Item 3 of this formula is the focus of the present dispute. The Montana tax on cigarettes is set forth in section 84-5606,

R.C.M.1947. The total state tax presently amounts to 80 cents per carton consisting of the basic tax of 50 cents, an additional tax of 20 cents for retirement of veterans' honorarium bonds, and an additional tax of 10 cents for retirement of long-range building p r o g r a m bonds. Section 84-5608, R.C.M.1947, prior to its repeal by the 1969 legislature, provided that licensed distributors and dealers could purchase the tax stamps or insignia at a discount of 8% of their face value but that such discount applied only to the basic tax.

The 1969 legislature amended the cigarette tax statutes in Title 84 but did not amend the Cigarette Sales Act in Title 51 upon which the foregoing Board formula is based. Insofar as these 1969 amendments to the tax statutes are pertinent to the present controversy, they are three in number. One amendment repealed the 8% purchase discount on tax stamps or insignia to distributors under section 84-5608 and substituted a provision entitling licensed wholesalers and retailers to purchase tax insignia "at full face value less eight per cent (8%) of the face value, upon payment therefor, as defrayment of the costs of affixing insignia and precollecting such tax on behalf of the state of Montana." Section 84-5606.12, R.C.M.1947.

A second amendment defined "full face value of insignia" to mean "the total amount of the tax levied under this Act." Section 84-5606.2(c). R.C.M.1947.

A third amendment provided that the tax referred to was the cigarette tax imposed by section 84-5606 and "the full face value of the insignia or tax shall be added to the cost of the cigarettes and recovered from the ultimate consumer or user." Section 84-5606.10, R.C.M.1947.

Following these amendments, plaintiff trade association, on behalf of its cigarette wholesaler members, filed a petition with the Board requesting it to redetermine the wholesale and retail cost of cigarettes. Thereafter on June 25, 1969, the Board entered its order denying the petition and, in effect,

continuing the use of its existing formula for calculating the wholesale and retail costs of cigarettes.

A petition for rehearing was filed with the Board by plaintiff trade association, a rehearing was granted by the Board, and on July 31, 1969 the Board entered an order again denying the petition and reaffirming its original order of June 25.

Plaintiff trade association appealed the Board orders of June 25 and July 31 to the district court of Lewis and Clark County where the matter was submitted upon the record of the hearings before the Board and upon briefs. The district court entered judgment in favor of the Board upholding its orders. Plaintiff trade association now appeals from this district court judgment.

The underlying issue upon appeal concerns the effect of the 1969 amendments of the cigarette tax statute (section 84-5606 et seq.) upon the calculation of the cost of cigarettes under the Montana Cigarette Sales Act (section 51-301 et. seq.). Specifically the issue is whether the full 80 cent face value of the tax insignia for a carton of cigarettes or only the 76 cent price that the wholesaler pays for such tax insignia constitutes the Montana tax under item 3 of the Board's formula for calculating the cost of cigarettes in the wholesale trade.

At the outset a brief explanation of this 4 cent differential will serve to clarify its computation. Although the total Montana cigarette tax is 80 cents per carton, 30 cents of this tax is for retirement of veterans' honorarium and long-range building program bonds to which the 8% discount or defrayment allowed cigarette wholesalers in purchasing tax insignia does not apply. As 8% of the remaining 50 cent portion of the tax amounts to 4 cents, this constitutes the differential between the 80 cent full value of the tax insignia and the 76 cent cost thereof to the wholesaler.

The basic position of the Board in this appeal is that the 1969 amendment of the cigarette tax statute providing a 4

cent discount on defrayment to cigarette wholesalers in purchasing tax insignia is already included in the existing Board formula under item 5 as a cost of doing business. Accordingly, the Board contends that the 1969 amendment was merely intended to clarify in statutory form the Board's existing allowance of the 4 cent discount or defrayment under its formula.

In support of its basic contention, the Board argues that its formula was derived from the Montana Cigarette Sales Act in Title 51 of the Montana code which was not amended by the 1969 legislature. Therefore, according to the Board, any amendment of the cigarette tax statute in Title 84 of the code leaves the Montana Cigarette Sales Act unaffected insofar as calculation of the wholesale cost of cigarettes thereunder is concerned. The Board cites the familiar principle of statutory construction that the specific law, which it contends to be the Montana Cigarette Sales Act, controls over the general, which it contends is the cigarette tax statute.

In our view this argument is erroneous and unconvincing. The cited principle of statutory construction is misapplied here. It applies only where the specific statute conflicts with the general statute and then only to the extent of the repugnancy. The correct rule is expressed in the case of In re Stevenson, 87 Mont. 486, 498, 289 P. 566, 570, where this Court held:

"Where one statute deals with a subject in general and comprehensive terms and another deals with a part of the same subject in a more minute and definite way, *to the extent of any necessary repugnancy between them* the special will prevail over the general statute." (Emphasis supplied)

Thus even assuming arguendo that the Cigarette Sales Act is the specific statute and the cigarette tax statute is the general as contended by the Board, their cited principle has no application where, as here, there is no necessary repugnancy.

 There being no necessary repugnancy or conflict between the statutes involved in the instant case, such statutes must be construed as an homogeneous whole giving full effect to the provisions of each. Teamsters etc. Local 45 v. Montana Liquor Control Board, 155 Mont. 300, 471 P.2d 541. In the case at bar regardless of the manner of codification of the statutes involved and irrespective of which is considered the general and which the specific, it is obvious that the cigarette tax statutes in Title 84 and the Montana Cigarette Sales Act in Title 51 are interrelated. Just as the provisions of federal cigarette tax statutes affect computation of the cost of cigarettes under the Montana Cigarette Sales Act formula, so do the provisions of Montana cigarette tax statutes affect the same computation.

 In our view the applicable and controlling principles of statutory construction in the instant case are clear. In construing a statute the intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation. Dunphy v. Anaconda Company, 151 Mont. 76, 438 P.2d 660 and cases therein cited. Where the language of a statute is plain, unambiguous, direct, and certain, the statute speaks for itself and there is nothing left for the court to construe. Cherry Lane Farms of Montana, Inc. v. Treasurer, Gall. Co., 153 Mont. 240, 456 P.2d 296; Dunphy v. Anaconda Company, supra.

Applying these principles of statutory construction to the 1969 legislative amendments of the cigarette tax statutes, the meaning of such amendments is clear. Section 84-5606.10 provides:

"The tax referred to in this act shall mean the tax imposed by section 84-5606, R.C.M.1947. *The full face value of the insignia or tax shall be added to the cost of the cigarettes and recovered from the ultimate consumer or user.*" (Emphasis supplied)

Section 84-5606.2(e) provides:

"The words 'full face value of insignia' shall mean *the total amount of the tax levied under this act.*" (Emphasis supplied)

Section 84-5606.12 provides:

"Every licensed wholesaler and licensed retailer shall be entitled to purchase said insignia at full face value less eight per cent (8%) of the face value, upon payment therefor, *as defrayment of the costs of affixing insignia and precollecting such tax on behalf of the state of Montana.* This defrayment is not applicable to that portion of the tax collected for any veterans' honorarium or long-range building program." (Emphasis supplied)

Under the plain, clear, and unambiguous language of the foregoing amendments, the cigarette wholesaler is granted 8% discount or defrayment in purchasing tax insignia, but the full face value of the insignia representing the total state cigarette tax is to be added to the cost of cigarettes and recovered from the ultimate consumer.

The cigarette tax statutes clearly place the incidence of the tax on the ultimate consumer. In addition to language to that effect contained in section 84-5606.10 heretofore quoted, the basic cigarette tax statute, section 84-5606, imposing the tax and fixing the amount thereof, provides in part in subdivision 1:

"All taxes paid pursuant to the provisions of this section shall be conclusively presumed to be direct taxes on the retail consumer precollected for the purpose of convenience and facility only. When the tax is paid by any other person such payment shall be considered as an advance payment and shall be added to the price of the cigarettes and recovered from the ultimate consumer or user * * *".

Although the tax is to be paid in the first instance by the wholesaler, it is to he added to the cost or price of cigarettes and thereby recovered from the ultimate consumer upon whom

116

the tax is intended to fall. Under the Montana Cigarette Sales Act, cigarettes cannot be sold in the wholesale trade for a price below cost. If the full 80 cent tax cannot be used in calculating the cost of cigarettes in the wholesale trade, how can the total amount of the tax levied under the act be recovered from the ultimate consumer as commanded by sections 84-5606, subdivision 1 and 84-5606.10? The answer, of course, is that it cannot be recovered unless the legislature intended to permit the full 80 cent tax to be used in calculating the wholesale cost of cigarettes under the Montana Cigarette Sales Act.

This conclusion is further illustrated by the allowance of the 4 cent discount or defrayment to wholesalers purchasing cigarette tax insignia. Clearly the legislature intended to confer a benefit upon them to compensate for their costs in affixing the insignia and precollecting the tax for the state. The Board argues that this is a labor cost already allowed under item 5 of the existing formula as a cost of doing business and to allow it again under item 3 of the formula amounts to a double credit for the same costs. But if the wholesaler is allowed to add only 76 cents to his selling price to the retailer, how can he realize any defrayment of his costs of affixing the insignia and precollecting the tax as provided in section 84-5606.12? Under the Board's formula, the benefit of the discount or defrayment conferred on the wholesaler by the 1969 legislature is eliminated.

■■ From what has heretofore been stated in this opinion, it is apparent that there is no merit in the Board's contention that absent a direct amendment to the Montana Cigarette Sales Act, no change in their formula was intended by the legislature. The provisions of the Montana cigarette tax statutes governing the amount, incidence, method of collection, and defrayment of costs are an integral part of the computation of cigarette costs under the Montana Cigarette Sales Act. Both are parts of the homogeneous whole and there is no basis for dividing the two into independent entities re-

quiring separate amendment. The Board's interpretation of their respective provisions as conflicting is erroneous as both can be construed as we have without repugnance.

The Board emphasizes throughout its brief that the construction urged by plaintiff trade association will result in a 4 cent per carton increase in the wholesale and retail cost of cigarettes. Be that as it may, such result was clearly authorized by the legislature in enacting the statutes heretofore discussed. Such being the prerogative of the legislature, this Court cannot and will not interfere.

We have carefully considered all other arguments advanced by the Board and find them to be without merit. The judgment of the district court is reversed and the Board is ordered to adopt and apply a formula for computation of the cost of cigarettes in the wholesale and retail trade under the Montana Cigarette Sales Act consistent with this opinion.

MR. JUSTICES HARRISON, DALY, and CASTLES, concur.

MR. CHIEF JUSTICE JAMES T. HARRISON, deemed himself disqualified and took no part in this opinion.