No. 12984

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA, ex rel LUDWIG G. BROWMAN, RICHARD H.
OSTERGREN, H.W. STOUTENBERG, individually and as the
County Commissioners of Missoula County, Montana,

Petitioners and Appellants,

vs.

DENNIS WOOD, Justice of the Peace of Missoula County, Montana,

Defendant and Respondent.

------------------------

STATE OF MONTANA ON BEHALF OF HELLGATE TOWNSHIP, MISSOULA
COUNTY JUSTICE COURT DEPARTMENT NO. 2, HONORABLE DENNIS
WOOD, J.P., PRESIDING,

Plaintiff and Respondent,

vs.

MISSOULA COUNTY BOARD OF COUNTY COMMISSIONERS, H. W.
STOUTENBERG, RICHARD H. OSTERGREN, and LUDWIG G.
BROWMAN, COMMISSIONERS, and GENEVIEVE F. SPAULDING,
COUNTY AUDITOR,

Defendants and Appellants.

---

Appeal from:  District Court of the Fourth Judicial District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellants:

Robert L. Deschamps III, County Attorney, Missoula,
Montana
H. V. Dye, Deputy County Attorney, argued, Missoula,
Montana

For Respondent:

Julio K. Morales argued, Missoula, Montana
Douglas G. Skjelset argued, Missoula, Montana

---

Submitted: September 9, 1975

Decided: NOV 2 4 1975

Filed: NOV 2 4 1975

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The Missoula County commissioners and auditor appeal from a district court judgment granting a writ of mandate. The writ ordered them to allow and pay a justice court payroll claim for unbudgeted temporary clerical assistance. The district court concluded as a matter of law that Justice of the Peace Dennis Wood had incurred the claim as a necessary and reasonable expense of his office.

On October 8, 1974 Dennis Wood, Justice of the Peace, Hellgate Township, Missoula County, Dept. No. 2 submitted a request to the Missoula County commissioners that he be allowed to hire Linda Baumgartner as a temporary clerical assistant for a maximum of 5 days. Extra clerical assistance had not been provided for in his annual budget. Judge Wood's case load, however, had doubled during September 1974 over the previous month due to a large number of 55 mile an hour daytime speed limit violations written by the highway patrol that month. The increased work load had caused the regular clerk, Joan Thurman, to fall behind in her work of processing and maintaining the court's records. Mrs. Thurman had worked overtime without pay but was unable to keep up with the work and a backlog developed.

The Commission disapproved the request apparently on two grounds: (1) The item was unbudgeted. (2) The additional help was unnecessary. Judge Wood hired Mrs. Baumgartner anyway and following the completion of her work, submitted a payroll claim in her behalf in the amount of $64.12, covering 28 hours of work at $2.29 per hour. When Judge Wood received notice that the claim would not be paid he notified the county attorney on October 28 that he would file suit thereon if the claim was not paid and seek attorney fees. A copy of this letter was sent to the county commissioners. On October 29 he issued an ex parte order,

ordering the commissioners to jointly and severally pay for the services rendered by October 31, 1974, the day scheduled for payment of part-time wages, or show cause why they should not be held in contempt of court.

On October 31, 1974, the commissioners applied for and received an alternative writ of prohibition restraining Judge Wood from enforcing his ex parte order. The next day Judge Wood applied for and received an alternative writ of mandate compelling the commissioners to pay the wage claim or show cause for their refusal.

The cases were consolidated and heard together before the Hon. LeRoy L. McKinnon, district judge presiding. The district court entered a consolidated judgment ordering that a peremptory writ of mandate issue requiring the commissioners to allow and pay the payroll claim together with costs and $1,500 in attorney fees. The temporary writ of prohibition restraining Judge Wood from proceeding with the contempt action was made permanent. The commissioners and auditor appeal from the consolidated judgment. Judge Wood does not appeal from the writ of prohibition.

The controlling issues on appeal are:

1. Whether a writ of mandate lies to compel the board of county commissioners to pay reasonable and necessary expenses for clerical help to operate the justice courts.

2. The standing of a justice of the peace to bring a writ of mandate to compel such payment.

The district court may issue a writ of mandate compelling the county commissioners to perform an act which the law specifically requires as a duty of their office. Section 93-9102, R.C.M. 1947. The commissioners contend they did not have a duty, but rather discretion to approve or reject the payroll

claim submitted by Judge Wood. They rely on section 16-1906(1), R.C.M. 1947, of the county budget law which provides that county officials shall be limited in the making of expenditures or incurring of liabilities to their budgeted estimates of expenditures, unless the county commissioners make budgetary transfers within the general classifications of salaries and wages. It is urged that Judge Wood could not legally incur the extra clerical expense, without the approval of the commissioners, because he made no allowance for it in his budget.

The commissioner's argument that section 16-1906(1) gives them discretion to approve or disapprove changes in the budget once it has been submitted fails to recognize the constitutional and statutory provisions that enable justice courts to incur the actual expenses necessary to function properly as a court of law. These provisions create a duty on the part of the commissioners to approve the actual and necessary expenses of a justice court.

Article VII, Section 5(1), 1972 Montana Constitution, states that justices of the peace "shall be provided such facilities that they may perform their duties in dignified surroundings." This is a new provision that did not exist under the 1889 Montana Constitution.

Implementing this constitutional provision, the legislature adopted section 93-412, R.C.M. 1947 in 1973:

> "(1) The board of county commissioners of the county in which the justice of the peace has been elected or appointed shall provide for the justices of the peace:
>
> "(a) the office, courtroom and clerical assistance necessary to enable him to perform his duties in dignified surroundings;
>
> "(b) the books, records, forms, papers, stationery, postage, office equipment and supplies necessary in the proper keeping of the records and files of the judicial office and the transaction of the business;
>
> "(c) * * *

"(2) _All actual and necessary expenses incurred by the justice of the peace in the performance of his official duties is a legal charge against the county._" (Emphasis supplied)

This statute by its express and mandatory language, requires payment by the county of actual and necessary expenses of the justice court.

Further, the budget statute relied on by the commissioners is general in nature while section 93-412 is directed specifically to the financial needs of justices of the peace. Where a specific statute conflicts with a general statute, the specific controls over the general to the extent of any repugnancy. Montana Ass'n of Tobacco & C. Dist. v. State Bd. of Eq., 156 Mont. 108, 476 P.2d 775; In re Stevenson, 87 Mont. 486, 289 P. 566.

Applying this rule to the instant case, it is apparent that insofar as the budgets of justice courts are concerned section 93-412 prevails over section 16-1906 and removes any discretion in the commissioners to disallow a claim for actual and necessary expenses, its unbudgeted character notwithstanding.

The district court found, in its findings of fact, that the work of the justice court had greatly increased with the imposition of the 55 mph speed limit in Montana; that due to this increased work load the justice court's clerk fell behind in her work; that she worked some evenings and lunch hours without pay, but was unable to catch up with the backlog. Judge Wood requested permission from the county commissioners to hire temporary extra clerical help, but his request was refused. Judge Wood then hired Linda Baumgartner at an expense of $64.12 to help the regular clerk until the work was caught up.

From these facts the district judge concluded as a matter of law:

- 5 -

" * * *

"2. That the extra temporary help employed was reasonable and necessary under the conditions existing.

"3. That the Commissioners should be ordered to allow and pay the wage claim in the amount of $64.12.

" * * *

"5. That Judge Wood has a duty to maintain the identity and integrity of the Justice Court of Hellgate Township, Missoula County, Montana.

"6. The Commissioners as a Board have the duty to fix the budget for the county; the Judge has a duty to submit a proposed budget for his court, but allowance must be made for unforseen contingencies, and claims which are both necessary and reasonable should be allowed and paid.

"7. That there is no plain, speedy and adequate remedy at law, and the Writ of Mandate should issue."

These findings and conclusions amounted to a determination that the expense was actual and necessary and was a legal charge against the county within the meaning of section 93-412 and the commissioners had no discretion to disapprove it.

A writ of mandate can only be issued in those cases where there is no plain, speedy and adequate remedy in the ordinary course of law. Section 93-9103, R.C.M. 1947. The commissioners argue, contrary to the finding of the district court, that a writ of mandate is inappropriate because other adequate remedies at law exist. They suggest that a declaratory judgment action or an appeal of the commissioners' decision pursuant to section 16-1808, R.C.M. 1947, of the budget law provide adequate remedies.

We find that a writ of mandate is an appropriate remedy in this case. A declaratory judgment is not an adequate remedy because it would not get the claim paid. In Mahan v. Hardland, 147 Mont. 78, 410 P.2d 156, this Court stated that declaratory judgment is an inept procedure for recovery of a fee for services

- 6 -

performed.

Section 16-1808 provides that when a claim against the county is disallowed by the commissioners, the claimant may appeal the decision to the district court. This statute does not provide Judge Wood with a remedy, only Mrs. Baumgartner.

It is also argued that section 16-1801, R.C.M. 1947, prevents Judge Wood, as a county officer, from pursuing Linda Baumgartner's wage claim. This argument misses the essential point of this case. Judge Wood is not seeking to enforce a right of Linda Baumgartner, but rather is litigating his own right to incur actual and necessary expenses in the performance of his official duties. The district court was correct in concluding that there is no plain, speedy and adequate remedy at law and that Judge Wood had standing to bring a writ of mandate.

Granting a writ of mandate is a matter of discretion to be determined by the district court and will be sustained on appeal unless there is a showing the district court abused its discretion. Erie v. State Highway Commission, 154 Mont. 150, 461 P.2d 207; State ex rel. McCarten v. Corwin, 119 Mont. 520, 177 P.2d 189.

We have reviewed the evidence presented to the district court and find that it did not abuse its discretion. The subordinate arguments raised by appellants are without merit and will not be discussed in this opinion. We decline to award additional attorney fees on appeal.

The Montana Supreme Court has recently become increasingly concerned with developing conflicts between boards of county commissioners and justices of the peace relating to claims for facilities, supplies, clerical assistance, and other necessary expenses incurred by the latter in the performance of official duties within the purview of section 93-412. A high degree of

- 7 -

cooperation between the commissioners and the justice of the peace in determining what is necessary in an individual case is essential. Nonetheless conflicts may develop. In the interests of resolving such conflicts short of legal action, we exercise our supervisory powers under Article VII, Section 2, subsections (2) and (3), 1972 Montana Constitution by adoption of this rule:

> "In any case of actual or potential conflict between
> the board of county commissioners and a justice of
> the peace in any county of this state concerning
> any claim of the latter within the purview of sec-
> tion 93-412, R.C.M. 1947, the justice of the peace
> must submit such claim to the senior district judge,
> in point of service, of the judicial district in
> which the county is located in which the justice of
> the peace serves. Such senior district judge shall
> certify or refuse to certify that such claim is an
> actual and necessary expense incurred or to be in-
> curred by the justice of the peace in the perform-
> ance of his official duties within ten (10) days
> of the submission of such claim to him and transmit
> the same to the board of county commissioners with
> copy to the county attorney. If the senior district
> judge fails, refuses or neglects to so certify or
> refuses to certify within the ten (10) day period,
> such nonaction shall be deemed a refusal to certify
> that such claim is an actual and necessary expense
> incurred or to be incurred by the justice of the peace
> in the performance of his official duties. Such cer-
> tification or refusal to certify such claim by the
> senior district judge as provided herein shall be a
> condition precedent to any legal action on the claim

in any court of this state."

This rule shall become effective fifteen days after the date of this decision. The clerk of this Court shall mail forthwith copies of this rule and decision to all justices of the peace, boards of county commissioners and county attorneys in this state.

The judgment of the district court is affirmed.

-------------------------------------
                         Justice

We concur:

-------------------------------------
Chief Justice

-------------------------------------
Justice

Mr. Justice John Conway Harrison dissenting:

I dissent.

Here, with little thought of the consequences, a new justice of the peace cited the board of county commissioners in contempt for failure to pay a questioned claim. The act as I see it was not a responsible act and one tending to create courthouse friction. The board of county commissioners by law are the business managers of county government charged with the daily operations of county government within strict budgetary requirements. Each county office, including the judicial offices, are required to submit and justify their budgets for tax purposes and the board of county commissioners are required to oversee the fiscal expenditures by each official. Where it becomes necessary to cover unforseen expenditures our statute, section 16-1907, R.C.M. 1947, provides for emergency expenditures. No such request was made here. I find that the petitioner failed to exhaust all administrative remedies before pursuing his mandamus action and I would not have granted same. To me his actions did not exactly outdo Cicero in statesmanship--the true trouble was ineptitude, creating an unnecessary $64.12 question.

_____
                        Justice

Mr. Justice Wesley Castles dissenting:

I concur in the above dissent of Justice John Conway Harrison.

_____
                        Justice