No. 85-228

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN THE MATTER OF ALBERT DEE WILLIAMS
for return of Property.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Albert D. Williams, pro se, Bozeman, Montana

For Respondent:

William Schreiber, City Attorney, Belgrade, Montana

Submitted on Briefs: Aug. 15, 1985

Decided: December 5, 1985

Filed: DEC - 5 1985

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant, Albert D. Williams, appeals pro se from the order of the District Court, Eighteenth Judicial District, County of Gallatin denying his motion for summary judgment and remanding the matter to the city court in Belgrade, Montana, with instructions to return one Black and Decker circular saw, Model 3051 to R. J. Spomer. We affirm.

Williams is a pawnbroker and is the owner of a business known as Al's Pawn Shop located in Bozeman, Montana. On June 26, 1984, Leland Ward sold a Black and Decker circular saw and other items to Williams at his place of business for $56.00. Ward had apparently stolen the saw from his employer, R. J. Spomer. Thereafter, Spomer discovered the saw in Al's Pawn Shop and proceeded to swear out an affidavit before O. W. Branson, city judge, Belgrade, Montana, that he believed his stolen property was located at Al's Pawn Shop. Pursuant to Spomer's affidavit, Judge Branson issued a search warrant authorizing the seizure of the saw at Al's Pawn Shop. On August 30, 1984, the saw was seized by authority of the search warrant by a member of the Belgrade Police Department.

After the seizure of the saw a criminal misdemeanor theft action was initiated against Ward and the saw was held as evidence for Ward's prosecution.

On November 30, 1984, Williams filed an application for the return of the seized property in the city court pursuant to § 46-5-304, MCA, claiming the saw should be returned to him due to Spomer's failure to post bond within 48 hours of the seizure as required by §§ 31-1-405 and 31-1-406, MCA. Pursuant to § 46-5-304, MCA, Judge Branson gave notice of

- 2 -

William's application to Spomer as a person who may have an interest in the property.

A hearing was held on February 11, 1985, on William's application for return of the saw. Both Spomer and Williams appeared pro se. After hearing the parties' evidence, the city court determined that Spomer was the true owner of the saw and ordered the saw be returned to him. From this judgment Williams appealed to the District Court wherein he filed a motion for summary judgment. Williams' motion for summary judgment again claimed that the pawnbroker statutes controlled the disposition of the seized property in this case and that he was entitled to summary judgment and the return of the saw due to Spomer's failure to file a bond within 48 hours as required by § 31-1-405, MCA. In its order denying William's motion for summary judgment, the District Court determined that the pawnbroker statutes upon which William's relied are not applicable when property is seized and held as evidence for a criminal prosecution. Rather, the District Court determined that § 46-5-304, MCA, which the city judge applied, was the controlling statute governing the return of seized property held for a criminal prosecution. Williams appeals from the order of the District Court.

Williams raises seven issues on appeal which can be consolidated into one issue of statutory construction. Whether the civil pawnbroker statutes, § 31-1-401, et seq. MCA, or the criminal procedure, return of property statute, § 46-5-304, MCA, applies to this matter.

The pertinent portions of the pawnbroker statutes provide:

> Whenever any person makes oath before a magistrate that any property belonging to him has been taken by theft or otherwise without his consent and that

- 3 -

he has reason to believe or suspect and does suspect that such property has been pledged with any pawnbroker or junk dealer, such magistrate, if satisfied, must issue his warrant to search for the property so taken and, if found, to seize and bring the same before him.

Section 31-1-403, MCA; and

Upon any property seized by virtue of such warrant being brought before the magistrate who issued the same, he must cause such property to be delivered to the person so claiming to be the owner thereof, on whose application the warrant was issued, on his executing a bond as hereinafter directed; and if such bond be not executed within 48 hours, the magistrate must cause the property to be delivered to the person from whose possession it was taken.

Section 31-1-405, MCA.

The criminal procedure return of property statute provides:

(1) Any person claiming the right to possession of property seized as evidence may apply to the judge to whom it has been delivered for its return. The judge shall give such notice as he deems adequate to the county attorney and all persons who have or may have an interest in the property and shall hold a hearing to hear all claims to its true ownership.

(2) If the right to possession is proved to the judge's satisfaction, he shall order the property other than contraband returned if:

(a) the property is not needed as evidence or, if needed, satisfactory arrangements can be made for its return for subsequent use as evidence; or

(b) all proceedings in which it might be required have been completed.

Section 46-5-304, MCA.

The above statutes being in conflict in this case, it is William's contention that the pawnbroker statutes are the particular and specific provisions governing this case and therefore they should be considered as paramount to the general return of property statute. In support of his contention, Williams cites this Court to § 1-2-102, MCA, which provides:

- 4 -

In the construction of a statute, the intention of the legislature is to be pursued if possible. When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it.

In construing apparently conflicting statutes, this Court has stated that where one statute deals with a subject in general and comprehensive terms, and another deals with a part of the same subject in a more minute and definite way, the latter will prevail over the former to the extent of any necessary repugnancy between them. City of Billings v. Smith (1971), 158 Mont. 197, 211, 490 P.2d 221, 229. Further, the principle of statutory construction that a specific law controls over the general applies only where the specific statute conflicts with the general statute and then only to the extent of the repugnancy. Montana Assoc. of Tobacco and Candy Distributors v. State Board of Equalization (1970), 156 Mont. 108, 113, 476 P.2d 775, 777-78. Clearly there is a conflict in these statutes on the facts of this case. For that reason we agree with Williams that § 1-2-102, MCA, controls the disposition of this case. We, however, are of the opinion that § 1-2-102, MCA, requires us to hold that § 46-5-304, MCA, is the particular and specific statute and the pawnbroker statutes the general. This is true for a number of reasons: 1) the saw was seized as evidence for a criminal prosecution; 2) § 46-5-304, MCA, appears in the criminal procedure portion of the code; and 3) § 46-5-304, MCA, plainly states that it applies when a person claims the right to possession of property seized as evidence in a criminal matter.

We therefore hold that the procedure set forth in § 46-5-304, MCA, applies to a pawnbroker seeking the return of

- 5 -

seized property when the property was seized and held as evidence for an underlying criminal prosecution rather than § 31-1-405, MCA. We are of the opinion that the pawnbroker statutes control the situation where a private citizen discovers his property at a pawnbroker's shop and no criminal prosecution grows out of the incident. We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices