No. 86-516

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
LISA MARIE JONES,

        Petitioner and Appellant,
   and

CHARLES ALAN JONES,

        Respondent and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,
                 In and for the County of Cascade,
                 The Honorable Roy C. Rodeghiero Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Thomas P. Meissner, Lewistown, Montana

    For Respondent:

        Fausto G. Turrin, Great Falls, Montana

Submitted on Briefs: Feb. 5, 1987

Decided: March 4, 1987

Filed: MAR 4 - 1987

_Ethel M. Harrison_
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

We determine in this case that the proper venue for the commencement of an action for dissolution of marriage is the county in which the petitioner has resided during the 90 days preceding the commencement of the action. Section 25-2-118(3), MCA.

Lisa Marie Jones appeals from the order of the District Court, Tenth Judicial District, Fergus County, changing the place of trial of the dissolution proceedings brought by Lisa from the District Court of Fergus County to the District Court of Cascade County.

On June 16, 1986, Lisa filed a petition for dissolution of her marriage in the District Court of the Tenth Judicial District, in and for the County of Fergus. At the time of filing and for a period of 90 days prior to the filing of the petition, Lisa was residing in Great Falls, Montana in Cascade County. Her husband, Charles, was a member of the Armed Forces and the parties had resided in base housing at Malmstrom Air Force Base in that county. Charles had been ordered to report to Korea for his next tour of duty and between the time in which he had completed his tour of duty at Malmstrom AFB, and prior to reporting to Korea, he was on leave from military service, traveling in Texas, where he was served with summons and a copy of the petition for dissolution of marriage filed by his wife.

Charles moved for a change of venue to the District Court in Cascade County upon the grounds that this District Court was the proper place of trial. At the same time, he filed other motions respecting the petition which are not pertinent here. The District Court determined that the

proper venue for this action was in Great Falls and so ordered. Appeal is taken from that order.

The statutes governing venue of actions in this state were overhauled by the legislature in 1985. Ch. 432, Laws of Montana, at 808 (1985). The pertinent statute here is § 25-2-118, MCA, which states:

> Section 25-2-118. <u>Residence of defendant</u>. Unless otherwise specified in this part:
>
> (1) except as provided in subsection (3), the proper place of trial for all civil actions is the county in which the defendants or any of them may reside at the commencement of the action;
>
> (2) if none of the defendants reside in the state, the proper place of trial is any county the plaintiff designates in the complaint;
>
> (3) the proper place of trial of an action brought pursuant to Title 40, chapter 4, is the county in which the petitioner has resided during the 90 days preceding the commencement of the action.

Title 40, chapter 4, is the portion of our codes governing actions for dissolution of marriage. Charles contends that subsection (3) above controls, and that the proper venue for Lisa's petition is the District Court of Cascade County, the county in which she had resided during the 90 days preceding the commencement of the action.

Lisa contends that subsection (2) of § 25-2-118, MCA, is also applicable since Charles is not now residing in the State of Montana. She contends, therefore, that since Charles is no longer a resident of the State of Montana, she may designate the proper place of trial in any county she may choose, and in this case, she has chosen Fergus County.

Lisa further contends that a proper reading of § 25-2-115, MCA, where the defendant is not a resident of the state, is that there are two proper venues for dissolution

- 3 -

actions, the county which the plaintiff chooses or the county where the plaintiff resided during the 90 days preceding the commencement of the action.

It is the duty of courts in these matters to determine the intention of the legislature. We are told:

> In the construction of a statute, the intention of the legislature is to be pursued if possible. When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent would control a general one that is inconsistent with it.

Section 1-2-102, MCA.

In the Matter of Williams (Mont. 1985), 709 P.2d 1008, 1010, 42 St.Rep. 1800, 1803, we said:

> In construing apparently conflicting statutes, this Court has stated that where one statute deals with a subject in general and comprehensive terms, and another deals with a part of the same subject in a more minute and definite way, the latter will prevail over the former to the extent of any necessary repugnancy between them. City of Billings v. Smith (1971), 158 Mont. 197, 211, 490 P.2d 221, 229. Further the principle of statutory construction that a specific law controls over the general applies only where the specific statute conflicts with the general statute and then only to the extent of the repugnancy. Montana Assoc. of Tobacco and Candy Distributors v. State Board of Equalization (1970), 156 Mont. 108, 113, 476 P.2d 775, 777-78 . . .

The case at bar presents a clear situation where the specific provision of the statute must overweigh the general provision. Subsection (2) of § 25-2-118, MCA, is a general statute applying to all civil actions. Subsection (3) of that same statute is a specific statute applying to marriage dissolutions under Title 40, chapter 4. Because the specific controls the general, the proper place of trial for an action for the dissolution of marriage is the county where the petitioner has resided during the 90 days preceding the

commencement of the action. Accordingly, the order of the District Court transferring the place of trial in this case to the District Court of Cascade County is affirmed.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices