No. 90-308

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

THE GALLATIN SADDLE AND HARNESS CLUB,

Plaintiff and Appellant,

-v-

RAMON S. WHITE, JANE JELINSKI, A.D. PRUITT,
Individually and as Members of the Board of
County Commissioners of the County of Gallatin,
and THE COUNTY OF GALLATIN,

Defendants and Respondents.

MONTANA SUPREME COURT
ED SMITH CLERK
'90 OCT 25 AM 9 33
FILED

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Timothy C. Bolton, Big Sky Law Office, Big Sky,
Montana

For Respondent:

A. Michael Salvagni, County Attorney, Bozeman,
Montana

Submitted on Briefs: September 13, 1990

Decided: October 25, 1990

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiff, the Gallatin Saddle and Harness Club (Saddle Club), appeals from an order of the Eighteenth Judicial District, Gallatin County granting summary judgment in favor of the Board of County Commissioners of Gallatin County. We affirm.

Both the Saddle Club and the County Commissioners raise numerous issues on appeal, including sovereign immunity, failure to join an indispensable party, eminent domain, constitutional issues, mootness and standing. We hold, however, that one issue is dispositive of this appeal. The issue is:

Whether the County Commissioners have the authority to lease 8.55 acres of the Gallatin County Fairgrounds to Bozeman Baseball, Inc., for the purpose of building a ball field.

Gallatin County received the property, unencumbered, on which the Gallatin County Fairgrounds is located from Syracuse University in 1914. Through the years the fairgrounds has been used for many purposes. One of the primary purposes has been the holding of an annual county fair. The property has also been utilized by other organizations, however. It has been the site for antique fairs, auctions, fraternity and sorority functions, and school athletic events.

The Gallatin County Saddle and Harness Club is one of the many organizations that have utilized the fairgrounds. The Saddle Club is a private non-profit organization with a primary purpose of developing equestrian activities for its members who own, train and

2

breed pleasure horses. In pursuit of this endeavor, the Saddle Club constructed a Hunt Course on the fairgrounds property. Apparently the Hunt Course is utilized several times a year. One of the events utilizing the course is the Bob Miller Horse Show, which is the largest horse show in the State of Montana.

In January of 1989, the County Commissioners published a notice in the Bozeman Chronicle which stated that a hearing would be held to "consider selection of a multi-purpose ballfield site." The notice further stated that the County Fairgrounds was under consideration as a site for the multi-purpose fields.

Following this hearing, the County Commissioners appointed six individuals to develop a management plan for the ball field facility, which was to be located in the northeast corner of the fairgrounds. Apparently, this proposed site was located in the same area as the Saddle Club's Hunt Course.

Eventually, a management plan was adopted and a decision was made to lease the site to Bozeman Baseball, Inc. for the purpose of constructing a baseball diamond. The Saddle Club maintained that this action, taken by the County Commissioners, was arbitrary, capricious and in violation of Montana law. It therefore filed a lawsuit seeking an order enjoining the County Commissioners from entering into the lease agreement. It also sought a declaratory judgment that the County Commissioners' actions were in contravention of various sections of the Montana code. The County Commissioners moved for summary judgment on December 29, 1989. On April 2, 1990, this motion was granted and this appeal followed.

The Saddle Club maintains that the County Commissioners failed to comply with several statutory directives when they decided to lease the land to Bozeman Baseball, Inc. It states in its brief that all of the statutes relating to the lease of county property must be read together as one consistent whole. The Saddle Club therefore argues §§ 7-8-2231, 7-8-2502, 7-8-2508, and 7-21-3407, MCA, should be applied in reviewing the decision of the County Commissioners.

Expanding upon this argument, the Saddle Club maintains that before the County Commission could validly lease the fairground property, it had to first find that the land was not necessary to the county's business and that it could not be immediately sold. See § 7-8-2231, MCA. It further argues that the County Commissioners did not determine that the proceeds of the lease equaled the taxes which could be levied upon the land if it was privately owned. Therefore, the Saddle Club argues that the County Commissioners violated § 7-8-2508, MCA. Finally, it argues that baseball is not an agricultural activity and that the lease therefore violates the mandate that the County Fair be held for agricultural purposes. See § 7-21-3407, MCA.

We disagree with the assertion that the County Commissioners were required to follow the mandate of these statutes. On the contrary, § 7-21-3409, MCA, specifically sets out their duty when they lease county fairgrounds property. This statute states:

> Boards of county commissioners . . . are hereby authorized to lease county fairgrounds and buildings thereon on such terms as they deem proper. Section 7-21-3409(1), MCA.

4

There is an obvious conflict between this statute and the general statutes cited above. For example, § 7-21-3409(1),MCA, grants discretion to the County Commissioners to determine the terms of the lease. Section 7-8-2508, MCA, on the other hand, imposes some of the terms of the lease. In interpreting conflicting statutes, this Court follows the rule that where a specific statute conflicts with a general statute, the specific controls over the general to the extent of any inconsistency. See Browman v. Wood (1975), 168 Mont. 341, 543 P.2d 184. The inconsistencies between these statutes lead to the obvious conclusion that the County Commissioners are required to follow § 7-21-3409(1), MCA, when leasing fairground property. There is no evidence the County Commissioners abused their discretion in carrying out this duty, nor is there any evidence that the baseball fields will interfere with the annual county fair.

The order of the District Court granting summary judgment in favor of the County Commissioners is therefore affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

5