No. 12954

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MONTANA DEACONESS HOSPITAL et al.,

Plaintiffs and Respondents,

-vs-

DEPARTMENT OF SOCIAL AND REHABILITATION
SERVICES OF THE STATE OF MONTANA,

Defendant and Appellant.

---

Appeal from: District Court of the First Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Thomas H. Mahan argued, Helena, Montana

For Respondents:

Smith, Smith and Sewell, Helena, Montana
Chadwick H. Smith argued, Helena, Montana
Mulroney, Delaney and Dalby, Missoula, Montana
Dexter L. Delaney appeared, Missoula, Montana
Cure, Borer and John F. Lynch, Great Falls, Montana
John F. Lynch appeared, Great Falls, Montana
Church, Harris, Johnson and Williams, Great Falls,
Montana
Milton O. Wordal appeared, Great Falls, Montana

---

Submitted: June 13, 1975

Decided: AUG 5 1975

Filed: AUG 5 1975

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

Defendant-appellant, Department of Social and Rehabilitation Services of the state of Montana (hereinafter referred to as SRS), brings this appeal from a declaratory judgment rendered by the district court, Lewis and Clark County, in favor of plaintiff-respondents (hereinafter referred to as the hospitals), declaring the rights of the hospitals under a series of contracts entered into by the SRS and the numerous hospitals in Montana, which, as members of the class represented by the hospitals herein, provide services to the state of Montana under Title XIX of Public Law 89-97 (Medicaid), and related state statutes. The district court ruled that the hospitals are entitled to standard hospital charges as full and adequate costs for patients' services performed under the terms of such contracts.

The issues are:

1) Whether the term "full and adequate costs" as used in the subject contracts, is synonymous with the term "standard charges" as imposed upon all patients in the hospitals, and thus whether SRS is liable.

2) Whether SRS had authority to enter into the contracts in question, acting on behalf of the state of Montana.

3) Whether the district court erred in denying the motion of SRS to join the United States as a party to this action.

The subject contracts generally provide that the hospitals will accept reimbursement for inpatient services rendered to Medicaid patients on the basis of "reasonable costs." Payments were to be made on an interim basis according to the hospitals' standard charges, with a year-end retroactive adjustment computed using guidelines of the Department of Health, Education and Welfare of the United States (HEW), contained in a document entitled "Principles of Reimbursement for Provider Costs" under Title XVIII

- 2 -

(Medicare), and other costs allowed under Title XIX, Public Law 89-97 (42 U.S.C., § 1396).

In addition, the contracts provided for negotiation for a supplemental allowance over and above costs permitted under Title XVIII and Title XIX when it was shown that the reasonable cost formula did not provide the hospitals with "full and adequate costs." SRS has paid standard charges for the fiscal years commencing with the year ending 1968, and continuing to date as required, but has since demanded some refunds, claiming that such refunds are due as retroactive adjustments. Although an opinion from the attorney general of the state of Montana instructed immediate negotiations under the terms of the contracts, the SRS refused to negotiate; therefore this action was commenced by the hospitals asking the Court to determine the meaning of "full and adequate costs" as used in such contracts.

SRS argues that it cannot negotiate a supplemental allowance without violating federal regulations and losing federal funds, and that the contracts are governed by federal regulations.

The hospitals contend that such argument is not a defense because there is no provision in the contracts stating that the obligation of the SRS is conditioned upon the receipt of federal funds; and further, that there is no provision in federal law to prevent payment under the contracts by the state. SRS states in its brief that it is the fiscal agent of the United States, but it did not enter into the subject contracts as an agent of the United States. It contracted as a state agency, as is clearly shown by the contracts themselves.

Following a conference by the district court and counsel of record on August 22, 1974, the district court entered an order finding the action involved these issues:

1. What was meant by the term "full and adequate costs"

- 3 -

as used in the exhibited contracts?

2. Was the SRS bound to honor the conditions of its contracts to pay the hospitals for "full and adequate costs"?

3. Did federal regulations prohibit payment by SRS of "full and adequate costs" to the hospitals, as contracted?

In its order, the court further held that federal law did not prohibit the payment of "full and adequate costs" by SRS to the hospitals; that SRS had the legal authority to enter into the subject contracts for such payment; and that SRS is legally obligated under the terms of the contracts.

Following argument on a motion for summary judgment presented by the hospitals and filed on October 29, 1974, the district court entered summary judgment for the hospitals and against SRS on November 14, 1974, adjudging that the term "full and adequate costs" is synonymous with the term "standard charges" as imposed upon all patients in the hospitals, and that negotiations between the parties to determine the supplemental allowances under the contracts would be a perfunctory and useless procedure in that the total costs for which SRS is liable could not amount to more or less than each hospital's standard charges under any reasonable interpretation of the language of the contracts. The district court concluded the parties must settle their accounts under the terms of the contracts for all fiscal years beginning with the fiscal year ending June 30, 1968, through the fiscal year ending June 30, 1975, based upon each hospital's standard charges for patient services.

Earlier in the proceedings, SRS moved to join the United States as a party defendant and the district court denied the motion, as shown in the minutes of the court at the time the motion for summary judgment was argued.

As to the first issue, we shall not recite the background

- 4 -

of dialogue which took place prior to entry into the contracts between the hospitals and SRS. However, this background was before the district court and the clear intent of the parties to the contracts was to provide full and adequate costs as represented by the standard charges. Actually, SRS does not really dispute this, because clearly that is what the contracts say. SRS is fearful that the ever present big-brother federal Department of Health, Education and Welfare threatens to cut off federal funds. The threat may be made, but, in law, the HEW cannot successfully show that reasonable costs, absent any other special considerations, under Titles XVIII and XIX of Public Law 89-97 (42 U.S.C. § 1396) are not the same, in a nonprofit hospital structure, as standard charges. Be that as it may, the relationship between state and federal agencies is irrelevant so far as the contract meaning is concerned.

The state agency, SRS, has legal authority to enter into the contracts. Sections 71-1515 and 71-1517, R.C.M. 1947. This bare statement seems redundant but, somehow, SRS seems to say that the federal government is the real party in interest and that SRS is really a "nobody" in the program. This is patently incorrect. The statutory authorization for the entire program as a state program is contained in Chapter 15, Title 71, R.C.M. 1947.

Finally, appellant SRS raises as an issue that the United States should have been added as a party. No rules or cases are cited by SRS. The contracts involved are clearly between the hospitals and SRS. No third party requirement appears.

We have examined the issues presented and find none meritorious. Accordingly, the judgment of the district court is affirmed.

_____Wesley Castles_____
Justice

- 5 -

We concur:

_____
Chief Justice

_____
John Conway Harrison

_____

_____
Justices