MONTANA CHILDREN'S HOME AND HOSPITAL AND ST. PETER'S HOSPITAL, Plaintiffs and Respondents, v. DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, an administrative agency of the State of Montana, Defendant and Appellant.

No. 14041.
Submitted Feb. 2, 1979.
Decided March 16, 1979.
Rehearing Denied April 12, 1979.
592 P.2d 481.

Joan Uda argued, Helena, for defendant and appellant.

Hughes, Bennett & Cain, John F. Sullivan argued, Helena, Luxan, Murfitt & Davis, Gary L. Davis argued, Helena, for plaintiffs and respondents.

MR. JUSTICE DALY delivered the opinion of the Court.

Montana Children's Home and Hospital (Shodair) and St. Peter's Hospital, plaintiffs and respondents, sought a declaratory judgment in the District Court of the First Judicial District with respect to their rights under certain contracts between.the hospitals and the Department of Social and Rehabilitation Services (SRS), defendant and appellant. The District Court granted SRS's motion to dismiss on August 19, 1976, but reconsidered and withdrew its order granting the motion on November 3, 1976. The case was tried before the Honorable Peter G. Meloy, sitting without a jury. He ruled in favor of the hospitals and SRS appeals.

SRS contracted with a number of Montana hospitals to provide certain inpatient hospital services for individuals eligible to receive such services under the federal Medicaid program. The standard contract provided that SRS would reimburse the hospitals on the basis of "reasonable costs." These costs were to be determined at the end of each fiscal year by Blue Cross of Montana, in compliance with federal guidelines as part of a contract with SRS. In the interim SRS would reimburse the hospitals on the basis of their "standard charges" to the cash-paying general public. At the end of each fiscal year, if the federally defined "reasonable costs" were found to be insufficient, the hospitals could negotiate with SRS for

a supplemental allowance bringing the total to "full and adequate costs."

Between 1968 and 1975, there were a number of years in which "standard charges" at both Shodair and St. Peter's Hospital were less than the later computed "reasonable costs." SRS has refused to pay the excess of "reasonable costs" over "standard charges" because of this Court's decision in *Montana Deaconess Hospital v. Department of Social and Rehabilitation Services* (1975), 167 Mont. 383, 538 P.2d 1021. That suit was certified and maintained as a class action by a number of hospitals with three hospitals names as plaintiffs. The subject matter of the suit consisted of contracts identical to those involved in the instant case.

In *Montana Deaconess* this court found, among other things, that "full and adequate costs" were synonymous with "standard charges." However, in that case, the "standard charges" were in excess of "reasonable costs" under the federal guidelines. In the instant case, because the "standard charges" were less than the "reasonable costs," *Judge Meloy found that these plaintiffs were not similarly situated with the hospitals in Montana Deaconess.* Therefore, the hospitals were entitled to seek a declaratory judgment with respect to the contract terms. On September 6, 1977, Judge Meloy entered findings of fact and conclusions of law in favor of the hospitals. Judgment was entered on September 8 and SRS appeals.

The issues presented for our consideration are:

1. Whether *Montana Deaconess* holds that hospitals are limited to reimbursement on the basis of their "standard charges" even in the event that "standard charges" are less than "reasonable costs."

2. Assuming *Montana Deaconess* limits hospitals to the recovery of "standard charges," whether that decision can bind these plaintiffs if they were not afforded adequate notice of the nature of the *Montana Deaconess* proceedings.

3. Whether the payment of "reasonable costs" to Shodair for the fiscal year ending in 1975, violates federal Medicaid statutes or regulations.

This is the second time this Court has been asked to construe the

provisions of a series of form contracts between SRS and most of the state's hospitals for implementing the federal Medicaid program. See *Montana Deaconess Hospital v. Department of Social and Rehabilitation Services* (1975), 167 Mont. 383, 538 P.2d 1021. In both cases, the following identical provisions of these contracts are at issue:

"The [name of hospital] will accept reimbursement of inpatient services on the basis of reasonable costs. We will accept standard charges as an interim payment subject to an end of the fiscal year retroactive adjustment. Such adjustments formula will be computed using the guidelines of the Department of Health, Education and Welfare in the 'Principles of Reimbursement for Provider Costs' under Title XVIII of PL 89-97. Certain other costs will be included which are allowed under Title XIX of PL 89-97 in effect on July 1, 1969.

"In addition, the hospital will have the opportunity to negotiate with the State Department of Public Welfare for supplemental allowance over and above the allowable costs permitted under Title XVI-II and Title XIX of PL 89-97 if it is shown that the reasonable cost formula as defined by the Federal Government does not provide the hospital with full and adequate costs for providing services to the Title XIX recipients."

Both sides agree that these contracts establish three measures or levels of reimbursement under the Medicaid program. With respect to the manner of payment, the contracts first provide that interim payments for Medicaid services would be made to the hospitals on the basis of their standard charges. Second, the contracts provide that the payment of standard charges would be "subject to an end of the fiscal year retroactive adjustment" which would be based on a "reasonable cost" formula set forth in guidelines of the Department of Health, Education and Welfare. Finally, the contracts provide that if reasonable costs, as defined by the federal government, were insufficient the hospitals were to be given an opportunity to negotiate with SRS for a supplemental allowance over and above reasonable costs and equal to "full and adequate" costs. The rela-

tionship between these three contractual terms is the focal point of this litigation as it was in *Montana Deaconess.*

In *Montana Deaconess,* a class action including as members of the class the plaintiffs herein, the pertinent issue was:

"Whether the term 'full and adequate costs' as used in the subject contracts, is synonymous with the term 'standard charges' as imposed upon all patients in the hospitals, and thus whether SRS is liable." 167 Mont. at 384, 538 P.2d at 1022.

We concluded that:

". . .in law, the HEW cannot successfully show that reasonable costs, absent any other special considerations, under Titles XVIII and XIX of Public Law 89-97 (42 U.S.C. § 1396) are not the same, in a nonprofit hospital structure, as standard charges." 167 Mont. at 387, 538 P.2d at 1024.

SRS has now seized upon this statement. It argues that *Montana Deaconess* is *res judicata* as to the current suit and that our conclusion stated above means that in all cases SRS is bound under its contracts to pay only standard charges to the hospitals because "reasonable costs . . . are . . . the same . . . as standard charges." On both counts, we disagree.

In *Smith v. County of Musselshell* (1970), 155 Mont. 376, 378, 472 P.2d 878, 880, we reiterated the four essential elements constituting a good plea of *res judicata:*

". . . four criteria exist in Montana law which must be met before a plea of res judicata can be sustained. These criteria are: (1) the parties or their privies must be the same; (2) the subject-matter of the action must be the same; (3) *the issues must be the same, and must relate to the same subject-matter;* and (4) the capacities of the persons must be the same in reference to the subject-matter and to the issues between them." (Emphasis added.)

We have quoted above the pertinent issue in *Montana Deaconess.* To better explain what we were considering in that case, a brief factual summary of the prior litigation is helpful. The prior case arose out of the failure of SRS to enter into the negotia-

tions called for in the second paragraph of the contract concerning a possible supplemental allowance to the hospitals above the reasonable costs determined by the HEW guidelines. In other words, the plaintiffs were seeking reimbursement for their full and adequate costs. For most of these class action plaintiffs, full and adequate costs were equal to their standard charges which were in turn greater than the HEW reasonable costs. We were considering, therefore, the payment of full and adequate costs as defined in the second paragraph of the contract.

The issue in the present case, however, has nothing to do with a determination of full and adequate costs. Instead, we are asked to construe the straightforward and unambiguous language of the first paragraph of the contract. It governs the interim payment based on standard charges subject to adjustment based on HEW's reasonable cost guidelines.

SRS's reliance on *Montana Deaconess*, which arose under a different factual situation and concerns a different contractual provision, is misplaced. As this Court appropriately observed in *Sun River Stock & Land Co. v. Montana Trust & Savings Bank* (1928), 81 Mont. 222, 243, 262 P. 1039, 1047:

"In considering the meaning and intent of the language of an opinion one must have constantly in mind the facts of the case in which the opinion is written. For, as Chief Justice Marshall observed, it is impossible so to use language as that general expression apply in every instance with the same meaning to every condition of facts."

Accord, *Beckman Bros., Inc. v. Weir* (1947), 120 Mont. 305, 313, 184 P.2d 347, 351; *Gaines v. Van Demark* (1937), 106 Mont. 1, 9, 74 P.2d 454, 456-57; *Forbes v. Mid-Northern Oil Co.* (1935), 100 Mont. 10, 18, 45 P.2d 673, 677.

SRS reads our conclusion in *Montana Deaconess* too broadly. We merely concluded that:

". . . in law, the HEW cannot successfully show that reasonable costs, *absent any other special considerations*, under Titles XVIII and XIX of Public Law 89-97 (42 U.S.C. § 1396) are not the same,

in a nonprofit hospital structure, as standard charges." 167 Mont. at 387, 538 P.2d at 1024. (Emphasis added.)

Our use of the emphasized qualifying phrase was to indicate that in some circumstances reasonable costs would not equal standard charges. The facts of the instant case present just such a circumstance. In an effort to keep costs as low as possible for all their patients, both plaintiff hospitals herein have adopted standard charges less than HEW's reasonable costs guidelines. Both hospitals apparently rely on contributions and sources of funding other than patient fees to make up the difference. Their situation is drastically different. The vast majority of the plaintiff class in *Montana Deaconess* were billing their general cash-paying clients at standard charges equal to the reasonable costs of their services.

In *Montana Deaconess* we neither intended to, nor did we, abrogate the contracts between SRS and the plaintiff hospitals. We merely concluded that SRS should live up to the second paragraph of its agreement and reimburse hospitals for their full and adequate costs. In the majority of cases absent special circumstances, these costs were equal to standard charges.

Neither did we intend by our ruling to free SRS from its clear contractual obligation under the first paragraph of the agreement, to make interim payments to each hospital based on standard charges and thereafter to adjust these payments in accord with HEW's reasonable costs guidelines. We do not do so in this case either. The judgment of the District Court is affirmed.

Our affirmation requires one modification, however. As quoted above, the disputed contract provision bases the computation of "reasonable costs" on "the guidelines of the Department of Health, Education and Welfare in the 'Principles of Reimbursement for Provider Costs.' " These Principles are found at 42 CFR §§ 405. 401 et seq., formerly 20 CFR §§ 405.401 et seq. On May 10, 1974, a new section, 42 CFR § 405.455, was added to these principles stating in pertinent part:

"(a) *Principle.* Providers of services will be paid the lesser of the reasonable cost of services furnished to beneficiaries or the custo-

mary charges made by the provider for the same services." 39 FR 16883 (May 10, 1974).

On August 6, 1974, a similar amendment to 42 CFR § 450.30(a), formerly 45 CFR § 250.30, entitled "Reasonable charges" was published:

"(i) Plans for payment of reasonable cost will be approved which adopt the title XVIII standards and principles described in 20 CFR 405.402-405.455 (excluding the inpatient routine nursing salary cost differential). *However, with respect to cost reporting periods beginning after December 31, 1973, payments to hospitals for inpatient services shall be based on the less of the reasonable cost of services or the customary charges to the general public for such services,* or, in the case of public hospitals rendering services free of or at a nominal charge, on the basis of fair compensation for such services, in accordance with the provisions of title XVIII regulations." 39 FR 28288 (August 6, 1974). (Emphasis added.)

This latter section, which specifically deals with the Medicaid program, explicitly refers to 405.455 above quoted. The effective date for both regulations was the same: applying only to cost reporting periods beginning after December 31, 1973; and therefore, for purposes of this appeal, affects only the reimbursement to Shodair for fiscal year 1975.

By the terms of the contract itself, the parties agreed to be bound by the federal regulations, including the ones we have just quoted. Implicit in this agreement is the recognition by both parties that these regulations may change over time.

Shodair argues that for SRS to reimburse it based on the lesser of HEW's reasonable costs or its own standard charges amounts to an unconstitutional abrogation of the contract. This argument is meritless. As the contract calls for reimbursement in accordance with the federal regulations, it is completely within the terms of the contract for SRS to base its reimbursement to Shodair for fiscal year 1975 on the lesser of standard charges or reasonable costs as set forth in those regulations. We therefore deem it unnecessary to

discuss further the constitutionality of SRS taking this action. The judgment is remanded for modification in this respect.

The judgment of the District Court is affirmed. The cause is remanded for modification consistent with this opinion.

MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON, SHEA and SHEEHY concur.